## McCreary County on Relation, et al. v. Bryant, County Treasurer, et al.

(Decided January 23, 1917.)

## Motion to Reinstate Injunction.

1. Injunction—Time to Apply to Judge of Court of Appeals for Reinstatement of—Filing Order of Reinstatement.—Under sections 296 and 297 of the Civil Code, if the plaintiff desires to apply for a reinstatement of an injunction, the circuit judge making the order of dissolution shall give not exceeding twenty days to apply for a reinstatement, and if the judge of the Court of Appeals to whom the application for reinstatement is made orders the reinstatement, the order in the absence of an agreement must be filed in the clerk's office within twenty days from the date of its dissolution by the circuit judge.

2. Injunction—Reinstatement of—Effect of Failure to File Order Reinstating Within Twenty Days.—In the absence of an agreement if the order made by a judge of the Court of Appeals reinstating an injunction be not filed in the clerk's office of the circuit court within twenty days from the date of the order made by the circuit judge, his order will stand as made.

3. Injunction—Motion Before Judge of Court of Appeals to Reinstate —Agreement to Extend Time.—When counsel are not prepared to submit to a judge of the Court of Appeals within twenty days a motion to dissolve or reinstate an injunction, or the judge of the Court of Appeals cannot dispose of it before the expiration of twenty days, the attorneys may agree, either verbally or in writing, that the order made by the judge of the Court of Appeals, although not filed in the clerk's office within the time allowed, shall have the same force and effect when filed as if filed within the time allowed.

4. Injunction—Motion Before Judge of Court of Appeals to Reinstate or Dissolve—Effect of Agreement of Counsel Extending Time.— When counsel agree, either verbally or in writing, that the time in which the judge of the Court of Appeals may file his order dissolving or reinstating the injunction, they will not be permitted to violate this agreement.

5. Injunction—Duty of Circuit Judge to Give Plaintiff Time to Apply for Reinstatement of.—Under section 296 of the code it is the mandatory duty of the court or judge dissolving an injunction to give time for its reinstatement if such time is requested. The court or judge has no discretion as to this.

6. Injunction—Mandamus to Compel Court or Judge to Give Time to Reinstate.—If a court or judge fails or refuses upon request made to give the time provided in section 296 of the code for the reinstatement of an injunction, the plaintiff may secure from the Court of Appeals a mandamus requiring the court or judge to give the time provided for in the code.

7. Injunction—Order Refusing to Give Time for Reinstatement of Cannot be Overcome by Affidavit.—Where the court or judge fails or refuses upon request to give time for the reinstatement of an injunction dissolved, his order cannot be overcome by affidavits showing that time was requested and refused. The remedy of the plaintiff is to mandamus the judge.

8. Injunction—Effect of Failure of Order to Show That Time Was Allowed for Reinstatement of.—In the absence of an order made by the court or judge giving time in which to apply for a reinstatement of an injunction, a judge of the Court of Appeals has no authority to reinstate it. If the order fails to show that time was given, it must be presumed that it was not requested, but this presumption may be overcome in a mandamus proceeding.

W. R. CRESS and G. W. STEPHENS for plaintiff.

JOHN W. RAWLINGS, JOHN W. SAMPSON and L. G. CAMPBELL for defendants.

OPINION BY JUDGE CARROLL—Dismissing application to reinstate injunction.

G. W. Stephens, as county attorney of McCreary county, and in the name of the county, brought in the McCreary Circuit Court his petition in equity against W. A. Bryant, county treasurer of McCreary county, Walker, the county clerk, Williams, the county judge, and Moore, Anderson, Roberts, Shepherd, Keith and Richardson, the magistrates of the county, who, in conjunction with the county judge, compose the fiscal court, and against certain banks and manufacturing companies. In the petition it was sought to enjoin certain alleged unlawful and unauthorized acts of the defendants as officers of the county in relation to the public funds of the county, and to restrain them from paying any of the claims specified in the petition, or from issuing or authorizing to be issued any warrants or vouchers drawn on the county treasurer, or from incurring any future obligations on account of the road or bridge fund of the county.

Notice was executed on Bryant, the treasurer, Walker, the clerk, Williams, the county judge, and Moore, Roberts, Anderson, Keith and Shepherd, magistrates, on November 28, 1916, that on November 29, 1916, at about the hour of ten o'clock a. m., at the office of the circuit clerk in McCreary county, in the courthouse, in the town of Whitley City, the plaintiff would ask W. B. Creekmore, the circuit clerk, to grant an in-

junction against them and each of them as officers and members of the McCreary County Fiscal Court to enjoin them from doing the things specified in the notice and which were also set out in the petition.

This notice, although not executed on all of the defendants, was executed on those whose action if restrained would accomplish every purpose that the petition intended.

At the time and place named in the notice the circuit clerk, Creekmore, in an order after reciting that: "This day came the plaintiff, McCreary county, Kentucky, upon the relation of G. W. Stephens, county attorney for said county, and filed his verified petition in equity together with a notice of a motion for an injunction to be made at this time before the undersigned, as clerk of this court, and made a motion against the defendants hereinafter named for an order of injunction in accordance with said notice and with the prayer in said verified petition, and it appearing to the undersigned clerk of said court from the petition, which is verified, and from other proof therewith filed, that the plaintiff is entitled to the relief sought," issued an order of injunction in accordance with the prayer of the petition, specifying in the order that it should become effective when the plaintiff had executed in the office of the clerk a bond executed as required by law in the penal sum of five hundred dollars.

On December 1, 1916, all the defendants in the petition by their attorneys, Campbell, Sampson and Rawlings, joined in a notice executed on Stephens, the county attorney, that they would on December 7, 1916, before the judge of the McCreary Circuit Court, at the courthouse in Williamsburg, Kentucky, enter their motion and move the judge to dissolve the temporary restraining order granted by the clerk of the McCreary Circuit Court. On December 7th the parties appeared before the judge of the McCreary Circuit Court, at Williamsburg, Ky., at the time named in the notice, and made the following motion:

"The defendants, W. A. Bryant, treasurer, McCreary county, G. C. Walker, county clerk, J. E. Williams, county judge, J. C. Anderson, J. M. Shepherd, Thomas Moore, Logan Keith, Elisha Roberts and J. S. Richardson, justices of the peace and members of the McCreary County Fiscal Court, now come and move

and pray the court to dissolve and discharge the temporary injunction awarded the plaintiff by W. B. Creekmore, the clerk of the McCreary Circuit Court, on the 29th day of November, 1916.''

Thereupon the judge made the following order: ''This cause was submitted to the court upon a motion entered at motion hour in the circuit court room of the courthouse in Williamsburg, Kentucky, at nine o'clock Thursday morning, December 7, 1916, by the defendants to discharge, set aside and dissolve the temporary restraining order granted by the clerk of the McCreary Circuit Court in vacation and also upon motion of the plaintiff for a perpetual injunction.

''The court heard the argument of counsel on both sides and after having read the record, including the petition, demurrer, answer and affidavits filed, is of opinion and orders and adjudges that the motion of the defendants to discharge, set aside and dissolve the temporary restraining order granted by the plaintiff, be and the same is sustained, and the said temporary restraining order is now and hereby set aside and dissolved and the plaintiff's motion for a perpetual injunction is now and hereby overruled, to which ruling of the court the plaintiff objects and excepts and prays an appeal to the Court of Appeals, which is granted.''

There is also in the record an affidavit subscribed and sworn to by G. W. Stephens, county attorney, on December 26th, to which is attached the order made by the judge. This affidavit, after setting out that the order was drawn by the judge on his own motion, reads:

''Affiant says that said motion was heard at Williamsburg, and that after said judge had rendered a decision, he mailed a copy of same to affiant at Whitley City, Kentucky, where said suit was pending; that as soon as affiant received said copy, he telephoned said judge at Williamsburg to correct said order; that said judge promised to correct said order to correspond with the law and facts in said case by striking out the part that pertains to the motion of plaintiff for a permanent injunction, and by allowing plaintiff twenty days in which to have said injunction reinstated by the Court of Appeals; that since that time the said judge held a term of court at Whitley City, and affiant then and there asked said judge to make the proper order in said case; that said judge is now gone from Whitley City and Mc-

Creary county, and affiant could not get said order and now knows of no way in which he can obtain said order in time to file same in the record herein.

"Affiant says that no motion has been made in behalf of plaintiff in any instance asking for a permanent injunction herein; that no relief of any kind has been asked by plaintiff after it obtained the injunction from the said clerk.

"Affiant says that so much of said order as says that plaintiff made a motion for a permanent injunction is false and that plaintiff has used due diligence to obtain the proper order, and that the said judge will not give said order, although he repeatedly promised to do so."

On December 14, 1916, Stephens, as county attorney, in connection with W. R. Cress, of counsel, served a notice on the defendants, Bryant and others, that the plaintiffs would, on Saturday, December 16, 1916, at about the hour of eleven o'clock, a. m., in chambers at the Capitol building, Frankfort, Kentucky, move the Hon. Rollin Hurt, one of the judges of the Kentucky Court of Appeals, to reinstate the injunction granted by W. B. Creekmore, clerk of the McCreary Circuit Court, and dissolved upon notice and motion made before the regular judge of the McCreary Circuit Court. On December 16th, Stephens and Cress, representing the plaintiff in the suit, and Campbell, Sampson and Rawlings, representing the defendants in the suit, appeared together in the Capitol building, and Judge Hurt being absent from the city, it was agreed by counsel that I might hear and dispose of the injunction in his place. It was further agreed by the attorneys on both sides of the case, after consultation partly between themselves and partly in my presence, that owing to the importance of the questions involved, the hearing and disposition of the motion by me might be postponed until some time in January when other members of the court could be present and assist me in disposing of the motion. It was further agreed by these attorneys, in my presence, that they would take home the paper they had brought with them and brief the case and then return to me the papers and the briefs. No time was fixed when the papers and briefs should be returned to me, as it was understood and agreed by the attorneys that they would return to me the papers as soon after January 1st as was convenient.

On January 12, 1917, the papers in the case, together with briefs prepared by counsel representing the plaintiff as well as the defendants, were received by me in the mail. Accompanying the papers so received was a notice signed by Campbell, Sampson and Rawlings, attorneys, stating that "on Friday, January 12, 1917, at 11 o'clock a. m., or as soon thereafter as may be, in the court room of the Kentucky Court of Appeals, at the Capitol in Frankfort, Kentucky, the appellees will move the court to dismiss the appeal and proceedings of the appellant herein to reinstate the temporary restraining order, or temporary injunction granted by W. B. Creekmore, circuit clerk of McCreary county, on the 29th day of November, 1916, and dissolved on the 7th day of December, 1916, because the record and application for reinstatement were not filed in the time required by law."

Accompanying this notice I find the following motion: "Now come the appellees, W. A. Bryant, etc., and move the court to dismiss the appeal and proceedings of the appellant herein seeking to reinstate the temporary restraining order; and for cause say that the record and application for reinstatement were not filed in the time required by law and that this proceeding is not warranted by the code, sec. 296."

In support of the notice and motion to dismiss the motion to reinstate the injunction because the record and application for reinstatement were not filed within the time required by law, the attorneys, Campbell, Sampson and Rawlings, in their brief say: "We further insist that this case cannot now be heard because the appellant moving for the reinstatement herein has failed to present his record within the twenty days allowed by law for making such motions, and the motion must be denied for said reasons."

I am not disposed to pass this motion to dismiss without comment, and am greatly surprised that the attorneys should make a motion like this in view of the agreement made between myself and counsel as heretofore set out. It is true that section 296 of the code provides that, "If the plaintiff desire to apply for a reinstatement of an injunction dissolved or modified, on motion, the court or judge shall make the order of dissolution to take effect in a reasonable time thereafter, not exceeding twenty days, and shall express in the

order that the plaintiff has leave to apply in the meantime for a reinstatement of the injunction.''

And it is further provided in section 297: ''A judge of the Court of Appeals, if the plaintiff have secured the right to apply for a reinstatement of an injunction, . . . . may, upon a presentation of a copy of the record, including the evidence read or offered to be read, upon the motion to dissolve or modify the injunction, reinstate the same in whole or in part. . . . . If the order of reinstatement be filed in the clerk's office in the time limited as provided in section 296, subsection 1, the injunction, as reinstated, shall be obeyed, otherwise the order of dissolution or modification shall take effect.''

Under these sections of the code, if the plaintiff desire to apply for a reinstatement of an injunction, the court or judge shall make the order of dissolution to take effect within twenty days, and in the order give the plaintiff that period of time in which to apply for a reinstatement of the injunction. And if the order of injunction is reinstated by a judge of the Court of Appeals, the order of reinstatement in the absence of an agreement extending the time must be filed in the clerk's office within twenty days, or if not the order of dissolution shall be in effect.

The injunction in this case was dissolved by the judge of the McCreary Circuit Court on December 7th, and the motion to reinstate it was made before me on December 16th, nine days after the order of dissolution was made, but by agreement of the attorneys, consented to by me, the hearing and disposition of the motion was postponed until January, which, of course, would postpone the hearing and disposition of it more than twenty days from the date of the dissolution order made by the judge and consequently make it impossible to file in the clerk's office within twenty days from December 7th the order of reinstatement, if such an order were made.

These code provisions, in the absence of an agreement between counsel, are controlling, and if the order made by a judge of the Court of Appeals reinstating, modifying or dissolving the injunction, as the case may be, be not filed in the clerk's office of the circuit court within twenty days from the date of the order made by the circuit judge, his order will stand as made. But it often happens that counsel are not prepared to submit to a judge of the Court of Appeals within the twenty

days the motion to dissolve, modify or reinstate the injunction, and it also often happens that the judge of the Court of Appeals before whom the motion is made within twenty days cannot dispose of it before the expiration of twenty days, and whenever one of these contingencies has arisen, viz.: that the attorneys were not prepared to submit the motion within the twenty days, or the judge of the Court of Appeals was not prepared to dispose of the motion within the twenty days, the attorneys have uniformly agreed that the order made by the judge of the Court of Appeals, although not filed in the clerk's office until after the expiration of twenty days, should have the same force and effect as if filed within the twenty days. Nor will the attorneys in this case be permitted by a violation of their agreement made in my presence, to defeat the right of the plaintiff to have his motion heard and disposed of.

It is true that the agreement between counsel representing these parties was not in writing, nor was it necessary that it should have been. The attorneys had the undoubted right to make the verbal agreement which they did make, and this verbal agreement is as binding on them as if it had been reduced to writing.

Passing this, it will be observed that the judge in his order set aside and dissolved what he designated as the temporary restraining order granted the plaintiff, and that he also overruled a motion made by the plaintiff for a perpetual injunction, further reciting in the order that the plaintiff objected and excepted "and prays an appeal to the Court of Appeals, which is granted." But at no place in the order do I find that the judge gave the plaintiff twenty days, or any time, in which to apply to a judge of this court for a reinstatement of the injunction. This condition of the order makes it necessary that I should determine whether it is necessary, to enable a plaintiff to apply to a judge of this court for a reinstatement of an injunction dissolved by a circuit judge, that the order of dissolution should give not exceeding twenty days in which to apply for its reinstatement.

Turning again to section 296 of the code, I find that it is optional with the plaintiff to ask time in which to apply for a reinstatement of the injunction, as he may, if he chooses, let the matter rest with the order of dissolution made by the judge. But if the plaintiff does

desire to apply for a reinstatement of the injunction, then "the court or judge shall make the order of dissolution to take effect in a reasonable time thereafter, not exceeding twenty days, and shall express in the order that the plaintiff has leave to apply in the meantime for a reinstatement of the injunction." It will thus be seen that it is the mandatory duty of the court or judge dissolving the injunction to give time for its reinstatement, if such time is requested or desired. The court or judge has no discretion as to this. It is a right given to the plaintiff by the code of which he cannot be deprived by the arbitrary action of the court or judge.

But if the court or judge should fail or refuse upon request made, to give the time asked for, the party wishing to apply for a reinstatement of the injunction is not without his remedy, as he may secure from this court a mandamus requiring the court or judge to give the time provided for in the code. Louisville Industrial School of Reform v. City of Louisville, 84 Ky. 584; Kelly v. Tony, Judge, 95 Ky. 338; Commonwealth v. Tarvin, 114 Ky. 877; King v. Commonwealth, 153 Ky. 404.

It appears, however, from the affidavit of Stephens, attorney for plaintiff, that when he received in the mail a copy of the order made by the circuit judge on December 7th, he requested the judge to correct the order so as to give the plaintiff twenty days in which to apply for a reinstatement of the injunction, but that he was unable to secure this correction.

The question now is, am I bound by the recitals in the order of dissolution made by the judge which does not give any time in which to apply for a reinstatement of the injunction, and which if permitted to stand, denies me the right to consider the case and determine whether or not the motion to reinstate the injunction should be granted? I think I am, notwithstanding the affidavit of Stephens. I do not think an order made and signed by a circuit judge can be modified, altered or extended on the strength of an affidavit filed by an attorney which controverts the order made by the judge or recites that the order made by the judge does not set out correctly the motions and requests made by the attorney at the time the motion was disposed of by the judge. I think that an order made by the circuit judge under authority of the code has the same force and

effect as an order made by the court, and that it cannot be altered, modified or controverted by affidavits. The remedy of the plaintiff is, as I have pointed out, to mandamus the judge to make an order giving the time requested.

In the absence of an order made by the court or judge giving time in which to apply to a judge of the Court of Appeals for a reinstatement of the injunction, a judge of the Court of Appeals has no authority to reinstate it, for, as I have said, I must look alone to the order made by the circuit judge, and if this order fails to show that time was given, I must presume that it was not requested, although of course this presumption can be overcome in a direct proceeding against the judge by mandamus.

It is provided in section 297 of the code that "a judge of the Court of Appeals, if the plaintiff have secured the right to apply for a reinstatement of an instruction    .    .    .    .    may    .    .    .    .    reinstate the same in whole or in part." Therefore, the jurisdiction of a judge of this court to reinstate an injunction depends on the fact whether the plaintiff secured the right to apply for its reinstatement.

For the reasons indicated the motion to reinstate the injunction must be dismissed. Chief Justice Settle and Judges Thomas and Clarke heard this matter with me and concur in what I have said about it.