## Steinway & Sons v. Massey.

(Decided March 16, 1923.)

## Appeal from Warren Circuit Court.

1. Specific Performance—Generally Does Not Lie to Enforce Sale of Personal Property.—As a general rule a contract for the sale of personal property will not be specifically enforced, since compensation for a breach of a contract of that kind recoverable in an action at law is an adequate remedy, but there is an exception to the rule in case of chattels having a peculiar or unique value; so that damages would not be adequate compensation.

2. Specific Performance—Remedy at Law for Refusal to Sell Particular Make of Piano is Adequate.—Specific performance of a contract for the sale of a piano will not be granted, where it is not shown that other pianos of equal qualities cannot be bought in the market, or even that other pianos of the same make or the identical piano sold cannot be purchased at the regular market price, since the remedy at law in such case would be adequate.

HARDIN H. HERR and T. W. and R. C. P. THOMAS for appellant.

MAX B. HARDIN for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

Appellee made a contract with appellant to purchase a Steinway piano of a designated type, agreeing to deliver to appellant at Bowling Green one Farand Cecelian piano player at an agreed valuation of $400.00, and to pay the balance of the purchase price, amounting to $1,000.00, upon the delivery of the Steinway piano. Appellant's representative had not seen the piano player at the time the sale was made, and after an examination of it refused to consummate the contract, on the ground

that appellee had misrepresented its qualities, style and condition. This defense was interposed to a suit on the contract but was denied, resulting in a judgment of specific performance from which this appeal is prosecuted.

The finding by the chancellor below that there was no fraudulent misrepresentation on the part of appellee in procuring the contract is supported by the evidence. With this hypothesis as the basis of the judgment, the question is, was the court below warranted in decreeing specific performance of the contract? It is the general rule that a contract for the sale of personal property will not be specifically enforced. 25 R. C. L., page 293; 36 Cyc. 554. The reason for the rule is that compensation for the breach of a contract of that kind may ordinarily be had in an action at law. There is excepted, however, from this rule that species of property which has a sentimental, peculiar or unique value, such as heirlooms, family portraits, furniture or curios, for the obvious reason that in those instances the deprivation is not compensable in damages.

Under the doctrine just stated it is apparent that the judgment was unauthorized, unless there is available to appellee no other means of obtaining adequate compensation for the breach of the contract. He contends that no such means are available. The basis of the contention is that appellant alone manufactures and sells the kind of piano that he bought, that he desires to give to his children a musical education, and, with that end in view, prefers the Steinway piano. These facts, which may be granted, do not, however, create the presumption that no adequate remedy at law exists. It is neither alleged nor proved that there were not other kinds of pianos equal in quality, style or construction to the Steinway piano, nor is it shown that appellee could not have obtained that style and make of piano. Indeed, so far as this record shows, there has never been a time that he could not obtain a Steinway piano if he would pay the purchase price. It is clear, therefore, that there is an adequate remedy at law for the breach of his contract, and in consequence the judgment of specific performance was unauthorized.

For the reasons stated, the judgment is reversed and the cause remanded for proceedings consistent with this opinion.