## Duffin v. Field, Judge.

(Decided April 24, 1925.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Prohibition—When Court of Appeals will Issue Prohibition Directed to Inferior Court Stated.—The Court of Appeals under jurisdiction conferred by Constitution, section 110, will issue a writ of prohibition when an inferior court is threatening to proceed or is proceeding in a matter of which it has no jurisdiction, and there is no other remedy, or where such court, though possessing jurisdiction, is exercising or about to exercise it erroneously and great injustice and irreparable injury would result, and there exists no other adequate remedy by appeal or otherwise.

2. Prohibition—Court of Appeals Held Without Jurisdiction to Issue Prohibition to Prevent Circuit Court from Trying Disbarment Proceedings Because Judge Refused to Vacate Bench on Plaintiff's Motion.—Where circuit judge had jurisdiction of both person of plaintiff and subject-matter of disbarment proceeding, but overruled plaintiff's motion to vacate the bench and appoint an-

other judge to preside, held that Court of Appeals has no jurisdiction, under Constitution, section 110, to issue a writ of prohibition on motion of plaintiff to prevent judge from trying disbarment proceedings, as plaintiff has a remedy by appeal from judgment entered in disbarment proceeding, such judgment may be superseded and suspended under Civil Code of Practice, sections 747, 748, until hearing of appeal, and plaintiff will suffer no irreparable injury pending an appeal.

O'NEAL & O'NEAL for plaintiff.

L. D. GREENE and W. CLARK OTTE for defendant.

OPINION OF THE COURT BY JUDGE THOMAS—Overruling motion and denying writ of prohibition.

This action is an original proceeding filed in this court by plaintiff, Owen D. Duffin, against defendant, William H. Field, one of the judges of the Jefferson circuit court, common pleas branch, first division, wherein plaintiff seeks a writ of prohibition against defendant to prevent the latter from hearing and trying a disbarment proceeding instituted before defendant for the purposes of disbarring plaintiff as an attorney at law. It is not disputed but that defendant has jurisdiction of both the person of plaintiff and the subject matter of the disbarment proceeding. He, however, overruled plaintiff's motion to vacate the bench and permit another judge to preside. because of insufficient facts set forth in the affidavit filed by plaintiff as the basis for his motion, and it is insisted that the statements contained in the affidavit were sufficient to require the sustaining of the motion by defendant, and because it was not done by him he should be prohibited by us, under our original jurisdiction conferred by section 110 of our Constitution, from further presiding in that proceeding.

A preliminary question is: Whether under the prevailing rules of practice governing the subject we have jurisdiction to issue the writ prayed for under the facts as they are presented? From the language of briefs for both sides it is apparent that learned counsel who prepared them entertain apprehension upon that point; but, it is strongly urged upon us by both sets of attorneys that we waive that question, at least for the purposes of this case, and determine the sufficiency of the affidavit. But we have concluded to forego our desire to accommodate counsel and to determine the question of our jurisdiction and dispose of the case accordingly. The rea-

sons for our doing so are (a), if we have no jurisdiction under the prescribed practice we should not consume our time at the request of counsel and litigants in assuming it, since our opinion without jurisdiction would be *coram non judice*; and, (b), in an unguarded moment we were led by similar appeals to pursue the course requested, in the case of Huggins v. Field, 196 Ky. 501, which has been followed by an unprecedented number of applications to us for the same relief from supposed erroneous interlocutory rulings of courts during the progress of their hearings, and all to the detriment of the performance of our primary duties as an appellate tribunal. We are heavily taxed with them already and we are admonished that we should not infringe upon our time or burden ourselves further with entertaining original actions filed before us, except where it is necessary to carry out the intent and purposes of section 110 of the Constitution, *supra,* as heretofore construed by us.

That construction is, that we will prohibit inferior courts in all cases where, (1) they are threatening to proceed, or are proceeding, in a matter of which they have no jurisdiction and there is no remedy through an application to an intermediate court, and (2) where they, although possessing jurisdiction, are exercising or about to exercise it erroneously *and* great injustice and irreparable injury would result to the applicant if they should do so, *and* there exists no other adequate remedy by appeal or otherwise. Western Oil Refining Co. v. Wells, 180 Ky. 32; Natural Gas Products Co. v. Thurman, Judge, 205 Ky. 100; Tompkins v. Manning, Judge 205 Ky. 327; Fleece v. Shackelford, 204 Ky. 841, and many other cases referred to in those opinions. We will not repeat the reasons for our conclusion set forth in those opinions, but refer the reader to them for that information. Unless, therefore, this application comes within one of the grounds justifying our assumption of jurisdiction it should be denied.

That the ruling of defendant of which complaint is made was an interlocutory one, subject to revision by him at any time before final judgment in the cause, cannot be denied; neither is it questioned that plaintiff has the right of appeal from whatever judgment defendant may render in the disbarment proceedings, and on the hearing of that appeal the ruling of defendant now complained of would be reviewable and, if erroneously made, would be cause for reversing the final judgment. It would, therefore,

appear that we are without jurisdiction to entertain plaintiff's motion, because he has a remedy by appeal which under the opinions, *supra,* and which are fortified by the text in 32 Cyc. 613, par. D, and 22 R. C. L. 9, par. 8, he has the right to appeal and which, for reasons subsequently stated, we conclude is adequate.

If we should hold otherwise and assume jurisdiction in this case then for the same reason we would be compelled to assume jurisdiction to prohibit the trial court from further proceeding in a case where he improperly overruled a motion for a change of venue, or took similar action in any preliminary motion looking to a postponement of the trial or its transfer to another judge or to another jurisdiction. Likewise would we be required to take jurisdiction, to prohibit the court from proceeding, after it had acted upon a motion to remove the cause from the state to the federal court, provided, of course, that in the illustrative cases we have referred to his ruling was erroneous according to our conclusion. In the volume of Cyc. above referred to on page 618 the text says: "A denial of a change of venue reviewable by appeal is not ground for a writ of prohibition to restrain the court from further proceedings in the cause." A great number of cases from different courts are cited in the note as sustaining that text, and it is difficult for us to perceive any difference between a ruling on a motion for a change of venue and one for the presiding judge to vacate the bench. Clearly, therefore, if we should assume original jurisdiction in all such cases on application of the party aggrieved our entire time would be consumed in trying cases by piecemeal which would be, as hereinbefore stated, to the great detriment and obstruction of our primary duties as an appellate court. Whether we would under peculiar and oppressive facts grant the writ, notwithstanding the right of appeal by the applicant, is not necessary now to be determined, since the record and the rights of plaintiff as hereinafter stated present no such case.

But it is insisted that under our ruling in the case of Rush v. Denhardt, 138 Ky. 238, we have jurisdiction to grant the writ upon the showing made in plaintiff's application. We, however, do not so construe that opinion. The defendant in that proceeding was the county judge of Warren county, and the case arose in pre-Volstead days, and defendant, as the county judge, under statutory authority conferred upon him, undertook and

was proceeding to cancel the various licenses granted to the numerous plaintiffs authorizing them to retail intoxicating liquor in quantities of not less than one quart, which license was granted to them by the proper authority upon payment of the statutory fee and which each of them had done. It was held by this court that the defendant therein was without authority to annul the license of any of the plaintiffs and that great and irreparable injury would result to each of them because of defendant's erroneous action in cancelling their licenses, and for that reason alone they were entitled to the writ of prohibition for which they applied. The conclusion therein reached was that, although the plaintiffs therein had the right to appeal from defendant's judgment canceling the licenses to the Warren circuit court, yet they could not suspend it by taking the appeal; neither was there any law for giving them credit for the intervening time until the appeal to the circuit court was heard, nor was there any provision of law whereby they could collect the balance of the license fee for the time they were not permitted to operate during the pendency of the appeal, and the right of appeal, therefore, was inadequate. It was only because of those facts that we granted the writ in that case.

As heretofore stated, the rule is well settled in this jurisdiction that plaintiff, Duffin, has the right of appeal from the final judgment of defendant in the disbarment proceeding. The practice has heretofore been in this jurisdiction that such judgments may be superseded and suspended until the hearing of the appeal, and which practice seems to be authorized by the text in 3 C. J. 1286, wherein it is stated: "The general rule is that the court, either the lower or appellate court according to the circumstances, has power to grant a supersedeas or stay of proceedings pending an appeal or writ of error; and this power in the court is held to be inherent and to exist even in cases where there is no statute entitling a party to such supersedeas or stay." There is no statute in this jurisdiction contrary to the general rule contained in the text. Section 747 of the Civil Code of Practice says: "An appeal shall not stay proceedings on the judgment unless a supersedeas be issued," and the next section (748) provides that such supersedeas shall issue when the bond is executed. The only judgments wherein a stay of suspension of them are expressly or by implication denied by the Code are those granting, modifying or dissolving

injunctions, which are governed by different provisions incorporated in section 747 by an amendment enacted March 19, 1894, and not necessary to be here stated. It, therefore, conclusively appears that the grounds for granting the writ found in the Denhardt opinion are wanting in this case.

But it is again insisted that because of the humiliating consequences that might flow from a judgment disbarring plaintiff we are authorized to assume the jurisdiction asked. But that reason for our doing so is denied by the text in the volume of R. C. L., *supra,* pages 9, 10 and 11, paragraphs 8 and 9, which but announces the rule found in other publications dealing with the subject. As we have seen, plaintiff, if found guilty by defendant of the charges complained of in the disbarment proceedings, may supersede and suspend that judgment, and if upon appeal it should be reversed then we conclude that he would be fully vindicated and fully restored to his former status without any scars, except the incidental mental worry during the time of the pendency of his appeal and which we think would not be sufficiently *oppressive* or create such *irreparable* injury as to authorize our assumption of jurisdiction.

Wherefore, the plaintiff's motion is overruled and his petition is dismissed.