## Lexington Loose Leaf Tobacco Warehouse Co. v. Coleman, Judge.

Jan. 27, 1942.

John S. Deering for petitioner.

Noel Harper for respondent.

OPINION BY JUDGE REES—Denying writ.

By this original proceeding in this court, the plaintiff seeks to prohibit Hon. Robert M. Coleman, Jr., Judge of the Eighth Judicial District of Kentucky, from carrying into effect a judgment entered in the Allen circuit court January 17, 1942. In its petition the plaintiff alleges that the defendant is acting outside of his jurisdiction, and the plaintiff has no adequate remedy at law by appeal or otherwise.

The proceeding, at least, has the merit of novelty. The judgment was rendered in a suit by the Lexington Loose Leaf Warehouse Company against J. P. Tinsley, Marion Tinsley, and James G. Jones, residents of Allen county. In the petition in that suit it was alleged that the plaintiff had purchased from the defendants their 1941 crops of tobacco and defendants had agreed to deliver the tobacco to the plaintiff at its warehouse in Lexington. Plaintiff operates a loose leaf warehouse where tobacco is sold at auction. It was alleged that the defendants had breached their contracts in that they had refused to deliver the tobacco to the plaintiff, but the only relief sought was a temporary injunction restraining the defendants from selling or delivering the tobacco covered by the contracts to any person other than the plaintiff, and that upon final hearing the injunction be made permanent and that a mandatory order issue commanding defendants to deliver the tobacco to the plaintiff. The petition contained this allegation:

"Plaintiff further states that if said tobacco is not delivered to it, as aforesaid, it will suffer great and irreparable loss and that inasmuch as plaintiff has no complete, full and adequate remedy at law an injunction should be granted restraining the defendants from selling, or delivering, to any one else, or otherwise dispose of the property in said tobacco and that this plaintiff will have no adequate measure of damages for such breach, and that other persons in like manner would follow their lead and would break down this organization and defeat the ultimate purpose for which it was organized."

In an amended petition plaintiff alleged that it operates a large warehouse in Lexington, Kentucky, and sells over its floors at auction millions of dollars of tobacco yearly and has an understanding with four large tobacco companies to furnish them a certain type of cigarette tobacco grown on sandstone soil, which is a special type of tobacco required by them; that if it is deprived of the right to have this tobacco it will "suffer great and irreparable loss inasmuch as it would be certain to lose the business of the aforementioned large companies thereby diminishing its business in an extent not measured by dollars." After sustaining a demurrer to the petition as amended, the court entered this order:

"For the purpose of conserving its assets herein it is further ordered by the court that the tobacco involved herein be sold by Mr. R. D. Willock, Commissioner and Receiver, of this court at Bowling Green, Ky., over the loose leaf floors to the best advantage and the proceeds therefrom be held by him until the further orders of this court, to which plaintiff objects and excepts and prays an appeal to the Court of Appeals."

By this proceeding the petitioner is attempting to prohibit the respondent from enforcing this order. We have frequently held that the supervisory power over inferior courts, conferred upon the Court of Appeals by section 110 of the Constitution, will not be exercised unless the failure to invoke it will result in a manifest injustice for which the petitioner for the writ of prohibition has no other adequate remedy. The power is limited to cases where the inferior court is proceeding outside of its jurisdiction or, though possessing juris-

diction, is exercising or about to exercise it erroneously so as to result in irreparable injury for which there is no adequate remedy by appeal or otherwise. Auto Finance & Sales Company v. Northcutt, 277 Ky. 274, 126 S. W. (2d) 455; Hargis v. Swope, 272 Ky. 257, 114 S. W. (2d) 75; Duffin v. Field, 208 Ky. 543, 271 S. W. 596. It is obvious that respondent was acting within his jurisdiction. From the petition filed in this court, petitioner's brief, and the pleadings in the circuit court, copies of which are in the record, it is difficult to determine just what theory is the basis for petitioner's action. Apparently it is proceeding upon the theory that the tobacco allegedly sold to it by Jones and the Tinsleys is of such nature that it cannot be purchased in the market and plaintiff cannot be compensated in damages, and therefore it is entitled to specific performance of the contract. Enjoining the breach of a contract operates indirectly as a negative enforcement of its terms, and the court whose jurisdiction is invoked is guided by the same rules as apply in cases of specific performance. As a general rule, equity will not decree specific performance of a contract for a sale of personal property because ordinarily there is an adequate remedy at law. Steinway & Sons v. Massey, 198 Ky. 265, 248 S. W. 884; Talamini v. Rosa, 257 Ky. 228, 77 S. W. (2d) 627. In the present case plaintiff has an edequate remedy at law by an action for damages for a breach of the contract. No facts are stated bringing the case within any exception to the general rule.

The petitioner complains because the respondent, when the motion for an injunction was overruled, failed to give it twenty days within which to file a motion for an injunction before a judge of this court under section 296 of the Civil Code of Practice, and McCreary County v. Bryant, 173 Ky. 363, 191 S. W. 119, and Kentucky Utilities Company v. Ginsberg, 255 Ky. 148, 72 S. W. (2d) 738, are cited. The judgment in the Allen circuit court dismissed the petition as amended, and the plaintiff prayed and was granted an appeal to the Court of Appeals. This was a final judgment, and section 296 of the Civil Code of Practice has no application. In such state of case the provisions of section 747 of the Civil Code of Practice apply with reference to granting an injunction pending appeal. Mooneyham v. Morris, 248 Ky. 124, 58 S. W. (2d) 246. The petitioner has filed with the record in this proceeding a motion for an in-

junction restraining the Tinsleys and Jones, the defendants in the action in the Allen circuit court, from selling or delivering their tobacco to any person, firm or corporation other than the petitioner.

The motion is overruled, and the motion for a writ of prohibition is overruled, and the writ is denied.