## Campbell v. Stiles et al.

Nov. 2, 1945.

Polin & Polin, John A. Polin and Victor L. Kelley for appellant.

Ernest N. Fulton and W. R. Gentry for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On May 18, 1944, the appellant, E. H. Campbell, as party of the first part, and the appellee, J. B. Stiles, as party of the second part, executed, signed and delivered this written contract:

"Witnesseth: That whereas, A contract exists between the first and second parties and also Jane Neumann of date, the 28th day of January, 1944, and whereas said contract has been cancelled by the parties thereto, and by this instrument is held to be null and void. Now therefore in consideration of the cancelling of said contract of said date, it is agreed as follows: That the said J. B. Stiles will deliver to first party, E. H. Campbell, warehouse receipts for ten barrels of whiskey, or will cause to be delivered ten barrels of whiskey, one of the other, but not both, on or before September 1, 1944.

"In the event the said Stiles is unable to deliver the said warehouse receipts or the said whiskey, he agrees to surrender to the said Campbell and deliver to him the Model Liquor Store, Inc., of Bardstown, Nelson County, Kentucky, provided the said Campbell is able to obtain licenses from the Commonwealth of Kentucky and the City of Bardstown to operate same; but it is understood if the said store is delivered to the said Campbell, that he is to take all stock of goods in same and to pay for same at cost and freight thereon, and in addition thereto, is to pay the said Stiles the sum of Five Hundred Dollars ($500.00); and it is further understood and agreed that the said Campbell is to take all equipment, fixtures and apparatus of every kind and character in said store and to pay for same the sum of Seven Hundred Seventy-Three Dollars and Fifty Cents ($773.50) in cash. It is understood that the fixtures and equipment are to include shelves, counters, window screens, lights, one safe, one cash register, one stove and one Neon sign, but there are excluded four fluorescent lights herefrom that the said Stiles has placed in said store since he purchased same from the said Campbell." It was then signed by each of them.

It will be observed that a prior sale of the involved property was made by appellant on January 28 of the same year to the appellee, Stiles, and one Jane Neumann. Shortly thereafter Stiles purchased the interest of his partner, Neumann, and then incorporated the business under the same trade name "Model Liquor Store" but adding thereto as a part of the corporate name the word "Incorporated," and he was so operating the business at the time the above inserted contract was made. So far as the record shows he has continued to do so since then.

It also appears that the primary subject matter of the contract was the obtention of ten barrels of whisky by Campbell from Stiles, or warehouse receipts therefor, on or before September 1, 1944, but in case Stiles could not perform that part of the contract, or did not because "said Campbell was unable to obtain licenses from the Commonwealth of Kentucky and the city of Bardstown to operate same" (the business), then it was substitutionally agreed that Campbell should purchase the business, including the stock, etc., upon terms stipulated in the contract. After the arrival of Sep-

tember 1, 1944, and after Stiles failed to deliver to appellant either the ten barrels of whiskey, or warehouse receipts therefor, the latter filed this equity action in the Nelson circuit court against Stiles and the corporation, Model Liquor Store, Inc., seeking to compel specific performance of the contract by Stiles only, since he had not complied with the primary purpose of the contract for the obtention of ten barrels of whiskey, or warehouse receipts therefor. In his petition appellant incorporated the contract and averred the facts we have stated. Defendants filed their respective demurrers to the petition which the court held on—second demurrers to it as amended—was also insufficient to state a cause of action for specific performance. Plaintiff declined to plead further, and his action was dismissed, and from that judgment he prosecutes this appeal.

The judgment will have to be affirmed for at least three reasons, and possibly others, not necessary to enumerate or determine. Those three reasons are: (a) The action seeks a performance of the contract of purchase of *personal* property without averring any fact showing why an action for damages for failure to comply with the contract would be inadequate; (b) it is not averred in the petition that plaintiff on September 1, 1944, either held or "was able to obtain licenses from the Commonwealth of Kentucky and the city of Bardstown to operate same," which was the business he had contracted to purchase in the alternative portion of the contract sued on, and (c) that it not being shown that plaintiff possessed the required licenses, Stiles was forbidden to make the sale by KRS 244.060(2).

In support of reason (a) we quote from the case of Steinway & Sons v. Massey, 198 Ky. 265, 248 S. W. 884, 885:

"It is the general rule that a contract for the sale of personal property will not be specifically enforced. 25 R. C. L. p. 293; 36 Cyc. 554. The reason for the rule is that compensation for the breach of a contract of that kind may ordinarily be had in an action at law. There is excepted, however, from this rule, that species of property which has a sentimental, peculiar, or unique value, such as heirlooms, family portraits, furniture, or

curios, for the obvious reason that in those instances the deprivation is not compensable in damages.''

That case was referred to with approval in the still later one of Lexington Loose Leaf Tobacco Warehouse Co. v. Coleman, Judge, 289 Ky. 277, 158 S. W. 2d 633, 634, 152 A. L. R. 1, in which the governing principle of law involved was thus stated:

"As a general rule, equity will not decree specific performance of a contract for a sale of personal property because ordinarily there is an adequate remedy at law. Steinway & Sons v. Massey, 198 Ky. 265, 248 S. W. 884; Talamini v. Rosa, 257 Ky. 228, 77 S. W. 2d 627. In the present case plaintiff has an adequate remedy at law by an action for damages for a breach of the contract. No facts are stated bringing the case within any exception to the general rule.''

In annotations in 152 A. L. R., reporting the same case, beginning on page 4 and ending on page 87, the entire field of the remedy of specific performance is discussed and stated. It is therein shown that the excerpts from the two domestic cases supra are approved and applied by practically every court in the Anglo-speaking world. Since nothing appears in the petition to make this case an exception to the general rule with reference to specific performance of contracts relating to personalty, the court properly held the petition insufficient by sustaining the demurrer filed thereto.

The accuracy of reason (b) needs the citation of no authorities to support it. Appellant nowhere averred that on September 1, 1944, or at any time thereafter, he ever obtained licenses from either the Commonwealth of Kentucky or the city of Bardstown wherein the business was operated to operate the liquor business that he was purchasing, and for which reasons the petition was also deficient.

Reason (c) is supported by subsection (2) of KRS 244.060, which says:

"No licensee under KRS 243.020 to 243.670 shall sell or agree to sell any alcoholic beverage to any person within or without this state who is not legally authorized to buy and receive the beverages at the time of the agreement to sell, nor secure any order for the sale of

any alcoholic beverages through any person who is not the holder of a special agent's or solicitor's license.''

Since it does not appear that plaintiff held any such license as therein required at the time the portion of the contract for the purchase became effective, defendant was forbidden by the terms of the subsection to complete the sale and would become penalized if he had done so. The contract sought to be enforced would thereby be one in violation of an expressly declared public policy, and all authorities agree that when that is true specific performance will not be enforced.

It is clear, therefore, that the contract became one for the purchase of ten barrels of whiskey, which if enforcible at all under subsection (2) of the cited section of KRS, an action for damages would be amply adequate.

The judgment is affirmed.