William F. **SCHAETZLEY** et al.,
Petitioners,

v.

Hon. **Coleman WRIGHT**, Judge of 12th Circuit Court District, Respondent.

Court of Appeals of Kentucky.

Oct. 8, 1954.

Marvin J. Sternberg, Durward W. Maynard, Louisville, H. Elliott Netherton, Clark & Manby, LaGrange, for petitioners.

CULLEN, Commissioner.

Certain residents of a subdivision in Oldham County, known as Lake Louisvilla,

petition this Court for an order prohibiting the judge of the Oldham Circuit Court from entering a judgment incorporating a portion of the subdivision as a sixth-class city. In proceedings in his court for incorporation of the city, pursuant to KRS 81.040 to 81.070, the judge indicated he would enter judgment incorporating the city, but withheld entry of the judgment for the purpose of enabling the protesting residents to file this petition for an order of prohibition. This is the same procedure that was followed in Engle v. Miller, 303 Ky. 731, 199 S.W.2d 123.

The statute KRS 81.060, denies an appeal from a judgment incorporating a city, so if the petitioners have any remedy it can only be through an order of prohibition. The petitioners seek an order of prohibition on the customary grounds that the judge is acting without jurisdiction, or erroneously within his jurisdiction, the petitioners will suffer great and irreparable injury, and there is no adequate remedy by appeal.

It is alleged that the judge is acting without jurisdiction because the form of the petition filed in his court, for incorporation of the city, did not comply wth KRS 81.-050, in that it did not set out the metes and bounds of the proposed city, nor the number of voters in it. Actually, the petition that was circulated among the residents of the proposed city, and signed by those favoring incorporation, consisted only of a sheet stating at the top that the undersigned voters of the Lake Louisvilla Subdivision petition the court to be incorporated as a city. However, there was attached to the petition, when it was filed in court, an affidavit showing the number of voters in the area, and a paper entitled "Complaint Amended Petition to Incorporate Lake Louisvilla," in which the metes and bounds of the proposed city were set out. The contention here is that the petition as circulated was required to embody the information specified by the statute, and that it was not a compliance with the statute to append subsequently other papers containing the information.

It is alleged that the judge is acting erroneously within his jurisdiction because there was not adequate proof, in the proceedings in circuit court, of the metes and bounds of the proposed city, or of the authenticity of the signatures on the petition for incorporation.

The petitioners in this Court seem to be proceeding on the assumption that whenever a lower court is acting without jurisdiction, or erroneously within its jurisdiction, there is no remedy by appeal, and substantial rights are involved, the right to an order of prohibition follows as a matter of course. That is not the law of this jurisdiction.

■ This Court on several occasions has pointed out that its original jurisdiction to issue writs to control the inferior courts cannot be invoked as a substitute for an appeal when no appeal lies. Sizemore v. Stivers, 287 Ky. 153, 151 S.W.2d 1059; McFarland v. Gilbert, 276 Ky. 423, 124 S.W.2d 473. Also, that the issuance of such writs is within the discretion of the Court of Appeals. Meredith v. Sampson, 277 Ky. 263, 126 S.W.2d 124; Ohio River Contract Co. v. Gordon, 170 Ky. 412, 186 S.W. 178; Litteral v. Woods, 223 Ky. 582, 4 S.W.2d 395.

■■ We are inclined to think that a misunderstanding of the law may have arisen as a result of the frequent reference, in opinions of this Court, to "great and irreparable injury" as being one of the prerequisites to the issuance of an order of prohibition. An impression has arisen that the mere loss of valuable rights or property through an error of the court constitutes great and irreparable injury entitling the loser automatically to relief from the error. However, a careful analysis of the cases dealing with the supervisory power of the Court of Appeals under Section 110 of the Kentucky Constitution will disclose that in addition to the element of great and irreparable injury there must be some aspect of *injustice*, Duffin v. Field, 208 Ky. 543, 271 S.W. 596; Litteral v. Woods, 223 Ky. 582, 4 S.W.2d 395; Renshaw v. Cook, 129 Ky. 347, 111 S.W. 377; Illinois Central R. Co. v. Rice, 154 Ky. 198, 156 S.W. 1075;

Lexington Loose Leaf Tobacco Warehouse Co. v. Coleman, 289 Ky. 277, 158 S.W.2d 633, 152 A.L.R. 1. There must be something in the nature of usurpation or abuse of power by the lower court, Renshaw v. Cook, 129 Ky. 347, 111 S.W. 377, such as to demand that the Court of Appeals step in to maintain a proper control over the lower court, Clapp v. Sandidge, 230 Ky. 594, 20 S.W.2d 449. The object of the supervisory power of the Court of Appeals is to prevent miscarriage of justice. City of Bowling Green v. Milliken, 257 Ky. 245, 77 S.W.2d 777; Old Blue Ribbon Distillers v. Holbert, 276 Ky. 687, 125 S.W.2d 253.

When the General Assembly has chosen to deny the right of appeal from judgments concerning a designated subject, we think it is proper to assume that the General Assembly intended to deny any review of ordinary or routine errors of the trial court incurred in the entering of such judgments, upon the theory that the nature of the subject was not such as to warrant resort to the highest court. Therefore, it would seem to follow that there must be some error of an extraordinary nature, resulting in an abuse of the judicial processes, or constituting a miscarriage of justice, or there must be some misuse or usurpation of authority by the lower court, before the Court of Appeals should exercise its constitutional power to "control" inferior jurisdictions.

We find nothing in the alleged errors, in the case now before us, of a character warranting the exercise of the original jurisdiction of this Court. Without deciding whether or not the petition for incorporation of the city complied with the statutory requirements, we have no difficulty in deciding that the action of the judge in accepting the petition and undertaking to proceed with the case was not a usurpation of jurisdiction. If an error occurred in passing upon the sufficiency of the evidence at the hearing, it was simple error, and not a miscarriage of justice. While the petitioners here may feel that they did not get "justice" in the lower court, because the court erred in deciding

the case against them, the fact remains that they did get justice in the proper sense because they received due and fair consideration of their case in a properly constituted court.

The petition for an order of prohibition is denied.