**A. J. ELINE, Petitioner,**

**v.**

**Honorable Stuart E. LAMPE, Judge, Jefferson Circuit Court, Chancery Branch, Second Division, Respondent.**

Court of Appeals of Kentucky.

Jan. 28, 1955.

Wilbur Fields, Louisville, for petitioner.

H. Bemis Lawrence, Louisville, for respondent.

CAMMACK, Justice.

A. J. Eline, who is the owner of property in a subdivision in Jefferson County known as Woodlawn Park, has petitioned this Court for an order prohibiting the respondent, Honorable Stuart E. Lampe, as Judge of the Jefferson Circuit Court, from entering a judgment incorporating the subdivision into a sixth class city. Although it does not appear from the record, it is presumed that the Judge has withheld entry of a judgment for the purpose of enabling the petitioner to file his petition in this Court. There is no appeal from a judgment incorporating a city, so if the petitioner has any remedy, it can be obtained only through an order of prohibition.

The east and west lines of the area proposed to be incorporated are 1,890 and 2,640 feet respectively and are parallel.

The angles at the northeast and northwest corners of the area are not right angles. The north line is 1,970 feet in length and the south line is 2,070 in length. The south line is not a straight line and is not parallel with the north line because it follows the Louisville & Nashville Railroad right of way along a moderate curve.

Only five of the petitioners for incorporation were included in the caption of the complaint and none of them signed the complaint. However, they did sign a power of attorney to their attorney, H. Bemis Lawrence, authorizing him to prepare, file and subscribe their names to the petition to be filed in the Jefferson Circuit Court to create the municipal corporation in question.

It was stated by the petitioner that his intervention in the action was based upon the failure of the plaintiffs in the action before Judge Lampe to file a complaint upon which a judgment of incorporation could be entered legally. His objections to the incorporation of Woodlawn Park are: (1) The form of the proposed city is not square; (2) none of the alleged plaintiffs or petitioners to incorporate signed the complaint, as required by KRS 81.050; (3) only five of the alleged petitioners are named in the caption of the complaint (CR 10.01 requires that each plaintiff be named in the caption of the complaint); and (4) the petition to incorporate states no facts justifying the inclusion of his undeveloped land as a part of a city of the sixth class, and its inclusion is not to his best interests.

Mr. Eline filed an amended petition wherein he alleged: (1) The respondent would usurp judicial powers by entry of the judgment by acting in disregard of the law, as stated by this Court in the case of Boone v. Smith, Ky., 263 S.W.2d 928; (2) the usurpation of those judicial powers would be arbitrary and discriminatory in that the Jefferson Circuit Court has required other incorporators to comply strictly with the law and the variance from the requirements as to him is in violation of Sections 2, 3 and 14 of our Constitution; and (3) the judgment of incorpora-

tion would be unjust and cause the petitioner great and irreparable injury, in that it would subject his property to municipal powers, including the right to change the zoning of parts of his property from one zoning classification to another. The petitioner alleged also that at the time the petition to incorporate was filed, approximately three-fourths of the area was undeveloped land and was not in need of any municipal services.

■■■ Insofar as the naming of each plaintiff in the caption of the complaint is concerned, as required by CR 10.01 in a civil action, we may say that this proceeding involving the incorporation of a city is not strictly an action of a civil nature within the scope of CR 1, but is a special statutory proceeding governed by KRS 81.-050. Under that statute no formal "pleading" of any kind is required, and therefore it need not be captioned as required by CR 10.01.

In the case of Boone v. Smith, Ky., 263 S.W.2d 928, a group of residents of a subdivision known as Meadowview Estates petitioned the Jefferson Circuit Court for the incorporation of a city of the sixth class, pursuant to the provisions of KRS, Chapter 81. A demurrer to the petition was sustained on the ground that the plat of the proposed city showed that its form was not square, as the language of KRS 81.040 requires. The petitioners then attempted to file an amended petition, in which the form of the proposed city was reduced to a square. However, the court sustained objections to the filing of the amended petition on the ground that it was not signed by two-thirds of the voters, as required by KRS 81.050. The petitioners then tendered a second amended petition which complied with the prior rulings of the court. The court did not permit the filing of this petition on other grounds. We said the trial judge was correct in sustaining a demurrer to the petition on the ground that it did not comply with the statutory requirements. It is the petitioner's contention in this case that he is being discriminated against because the low-

er court did not require the petitioners to comply strictly with the law, as was done in the Boone v. Smith case.

■■ Even if it be conceded (which it is not), that everything the petitioner has alleged is true, we find nothing in the alleged errors of a character warranting the exercise of the original jurisdiction of this Court. In the recent case of Schaetzley v. Wright, Ky., 271 S.W.2d 885, 887, certain residents of a subdivision in Oldham County, known as Lake Louisvilla, petitioned this Court for an order prohibiting the Judge of the Oldham Circuit Court from entering a judgment incorporating a portion of the subdivision as a sixth class city. It was alleged that the Judge was acting without jurisdiction because the form of the petition filed in his court, for incorporation of the city, did not comply with KRS 81.050, in that it did not set out the metes and bounds of the proposed city, nor the number of voters in it. It was alleged also that the Judge was acting erroneously within his jurisdiction because there was not adequate proof of the metes and bounds of the proposed city, or of the authenticity of the signatures on the petition for incorporation. In denying the order of prohibition, we said:

"When the General Assembly has chosen to deny the right of appeal from judgments concerning a designated subject, we think it is proper to assume that the General Assembly intended to deny any review of ordinary or routine errors of the trial court incurred in the entering of such judgments, upon the theory that the nature of the subject was not such as to warrant resort to the highest court. Therefore, it would seem to follow that there must be some error of an extraordinary nature, resulting in an abuse of the judicial processes, or constituting a miscarriage of justice, or there must be some misuse or usurpation of authority by the lower court, before the Court of Appeals should exercise its constitutional power to 'control' inferior jurisdictions."

The language in the Schaetzley case is applicable here. The alleged errors were not of an extraordinary nature; nor did Judge Lampe misuse or usurp his authority.

The petition for an order of prohibition is denied.