Richard R. BRYAN, Petitioner,

v.

Honorable S. Y. TRIMBLE, IV, Special Judge of McCracken Circuit Court, Respondent.

Court of Appeals of Kentucky.

Jan. 28, 1955.

Charles W. Runyan, Paducah, for petitioner.

Adrian H. Terrell, Paducah, for respondent.

CAMMACK, Justice.

This is an original action in this Court by Honorable Richard Bryan, an attorney of the McCracken County Bar, for an order prohibiting the respondent, as Special Judge of the McCracken Circuit Court, from punishing him for contempt for his refusal to answer certain questions propounded to him during a discovery proceeding. Sentencing has been withheld pending the outcome of this action.

On December 20, 1951, the City of Paducah filed a petition against Roy N. Vance, Sr., his wife, Mary Bryan Vance, and the petitioner, Richard R. Bryan, to quiet title to certain real estate in the City. The petition recited that the City of Paducah had filed suit against B. B. Hook to enforce, inter alia, its tax lien on certain real property owned by Hook, and that judgment was rendered April 14, 1948, ordering the property sold. The commissioner's sale was held May 10, 1948, and the property was sold to the City of Paducah. The City claimed title by virtue of the commissioner's deed and actual possession. However, on May 8, 1948, Roy N. Vance, Sr., had recorded in the McCracken County Court Clerk's office a deed conveying the property to him. It was alleged also that Roy N. Vance, Sr., had actual and constructive notice of the City's claim and the suit to enforce it. The petitioner herein, Richard R. Bryan, was included as a party defendant because he was believed to be claiming an interest in the subject property.

On May 6, 1954, the City took the petitioner's deposition for discovery purposes. Certain questions concerning the deed from Hook to Vance, Sr., were propounded to him by counsel for the City. However, the petitioner refused to answer twenty-eight of the questions because he believed they were irrelevant or privileged. His contention as to some of the questions being privileged was that they related to the attorney-client relationship existing between Vance, Sr., and the petitioner. The questions, accompanied by a motion to retake petitioner's deposition, were certified to the respondent. The motion to retake the deposition was sustained and the effect of the accompanying order and opinion was to require the petitioner to answer all twenty-eight questions. The petitioner was adjudged to be in contempt of court, inasmuch as he had announced to the court that he would not obey the order to retake his deposition.

This Court has written many times that an order of prohibition is an extraordinary remedy and will not be issued to correct routine or ordinary errors of a trial court. There must be some error of an extraordinary nature, resulting in the abuse of the judicial processes, or constituting a miscarriage of justice, or there must be some misuse or usurpation of authority by the lower court, before this Court should exercise its constitutional power to control inferior courts. Schaetzley v. Wright, Ky., 271 S.W.2d 885; and

Eline v. Lampe, Ky., 275 S.W.2d 64. This case falls far short of meeting those requirements. If the petitioner is forced to disclose irrelevant or privileged information, he has his remedy by appeal. As was indicated in the case of Wiglesworth v. Wright, Ky., 269 S.W.2d 263, this Court will not treat every adverse ruling as grounds for a writ of prohibition.

The petition for an order of prohibition is denied.