**Harry YORK, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 5, 1965.

Daniel W. Davies, Davies & Hirschfeld, Newport, for appellant.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant seeks reversal of a judgment sentencing him to prison upon his conviction of committing incest. He contends: The trial court prevented him from obtaining a fair trial by making inaccurate statements concerning the law governing the case; the court erred in permitting the former wife of the appellant to testify against him, and the court erred in failing to direct a verdict of acquittal.

After the parties had accepted the jury the trial judge made the following remarks:

"Ladies and gentlemen of the jury, as Mr. Davies has already indicated, an indictment is a formal method of accusing a person of a crime; it is not evidence of any kind against the accused and it does not create any presumption whatsoever, or any inference, of guilt. The law presumes the defendant to be innocent of any crime. Thus the defendant, although accused, comes into court with a clean slate, or as we say, with clean hands. The law permits nothing but the evidence presented before the jury to be considered. The presumption of innocence alone is sufficient to acquit a defendant unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt. The evidence consists of the sworn testimony of the witnesses; the exhibits which are offered in evidence and received by the court; all facts that may be admitted or stipulated by the attorneys, which may be judicially noted by the court as applicable; and any inference which you may draw from the instructions which you will receive at the conclusion of the case.

"Opening statements and arguments of counsel are not to be considered as

evidence and are not to be considered by you in your deliberations. Any evidence to which an objection is sustained will not be considered by you, and anything that goes into the record but ultimately is ordered stricken from the record, you must not consider in your deliberations either. You are chosen to try the issue of facts presented in support of the allegations of the indictment, and also those that are submitted in support of the denial. You are to pursue this attitude without bias and prejudice to any party, and without regard to public opinion. The accused and the public expect you to give an unbiased, impartial verdict after you hear the evidence.

"If the accused is proven guilty beyond a reasonable doubt, say so; if he is proven innocent beyond a reasonable doubt you should say so, because society is the victor when justice is done, and that is what we want; it is not whether the defendant is guilty or not guilty, it is when justice is served that society is the victor."

No objection was interposed to these remarks, no motion was made to discharge the jury and to continue the case nor were they presented as a basis for a new trial. See RCr 9.22 and 10.12; Young v. Commonwealth, Ky., 335 S.W.2d 949 and Watkins v. Commonwealth, Ky., 287 S.W.2d 416, 58 A.L.R.2d 804. Nevertheless, appellant urges that these remarks contained several statements which were so inaccurate and prejudicial that they prevented him from obtaining a fair trial. Because appellant's contention raises the constitutional question of whether the conviction is void we have carefully considered the remarks in light of the entire record and have concluded that, although they are in part erroneous, they did not deprive him of a fair trial. We apply RCr 9.26 which in essence provides that a judgment in a criminal case will not be reversed unless, upon the consideration of the whole case, it appears the

substantial rights of the accused have been prejudiced. Gossett v. Commonwealth, Ky., 302 S.W.2d 380; Clatos v. Commonwealth, 298 Ky. 851, 184 S.W.2d 125.

■ It has been traditional in this state for the trial court to refrain from preliminary remarks and explanatory dissertations to the jury in connection with a particular case being tried or about to be tried. The example before us illustrates the wisdom of this policy. The trial court should confine its comments to matters of strict necessity.

■ Appellant contends that his former wife, Evelyn Schumann, should not have been permitted to testify against him because the information she divulged was a privileged communication within the meaning of KRS 421.210(1). The trial court permitted Mrs. Schumann to state that while she was married to appellant, she had seen him having sexual relations with his daughter Lucianne. A sufficient answer to appellant's contention is that Mrs. Schumann's testimony concerned her observations which were shown to be equally available to other persons who were residing in appellant's home and, therefore, it was not privileged as being knowledge obtained by reason of the marital status. Gill v. Commonwealth, Ky., 374 S.W.2d 848.

■ In this character of case the uncorroborated testimony of the victim will sustain a conviction unless it is so improbable as to show it is false. Newsome v. Commonwealth, Ky., 274 S.W.2d 484. Appellant contends that under this rule the victims' testimony in this case is so improbable and patently false that it will not sustain his conviction for incest. While there are some contradictions in the victims' narration of the details of the alleged crime, both of appellant's daughters, Lucianne and Eileen, testified unequivocably that their father had sexual intercourse with them and their testimony is corroborated by the aforementioned testimony of Mrs. Schumann.

**784**

The testimony of these witnesses was amply sufficient to authorize the submission of the case to the jury and to sustain the conviction.

The judgment is affirmed.