Jesse **TAYLOR**, Jr., Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 10, 1967.

Rehearing Denied May 5, 1967.

David Kaplan, Stuart L. Lyon, Louisville, for appellant.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Appellant was found guilty of indecent and immoral practices and sentenced to five years in prison. He raises two questions on appeal.

During the course of the trial, when appellant's attorney was cross-examining one of the prosecution's witnesses, the trial judge in the presence of the jury twice reprimanded the attorney and fined him for contempt of court. It is contended that the court's conduct was improper and was highly prejudicial to appellant.

In examining the cold record before us, it appears the action of the court, particularly the fining of the attorney in the presence of the jury, may have created an atmosphere so unfavorable to appellant as to have constituted reversible error, provided the question had been preserved for appellate review. See Merritt v. Commonwealth, Ky., 386 S.W.2d 727.

However, the objection appellant now raises was not presented to the trial court and must be deemed waived. Appellant did not object to the alleged misconduct nor did he request any curative relief at the time it occurred or at any time during the trial. See Taylor v. Commonwealth, Ky., 403 S.W.2d 713. Assuming the alleged misconduct was of such character that appellant's counsel was not required to make an objection (and further prejudice his client's position) at the time of the occurrence, certainly the question should have been raised in a motion for a new trial. Although such a motion was filed and one of the grounds was "the court should have declared a mistrial during the proceedings", this still did not specify the alleged error. It is fundamental that we will not review a case for an alleged error of this nature that is never called to the trial court's attention for a ruling. See Collins v. Commonwealth, Ky., 297 S.W.2d 54; Young v. Commonwealth, Ky., 335 S.W.2d 949; York v. Commonwealth, Ky., 395 S.W.2d 781. The alleged error is not before us for review.

The other contention of appellant is that the trial court erred in failing to advise the wife of appellant, who appeared as a prosecution witness, that she could refuse to testify against him. KRS 421.210(1) provides (among other things) that neither spouse may be *compelled* to testify for or against the other. Here again appellant failed to raise this question by objection or otherwise. In any event, we know of no reason or authority which would require the court to admonish a witness as appellant proposes. See York v. Commonwealth, Ky., 395 S.W.2d 781.

The judgment is affirmed.

WILLIAMS, C. J., and PALMORE, MONTGOMERY, MILLIKEN, STEINFELD and OSBORNE, JJ., concur.