**Nettie TERRELL, Individually and as the Assignee of Horace Cole, Appellant,**

**v.**

**The WESTERN CASUALTY & SURETY COMPANY, Fort Scott, Kansas, Appellee.**

Court of Appeals of Kentucky.

Feb. 2, 1968.

Rehearing Denied June 7, 1968.

P. Joseph Clarke, Jr., Danville, for appellant.

James G. Sheehan, Jr., Danville, for appellee.

JAMES B. STEPHENSON, Special Commissioner.

The trial court sustained defendant's motion for summary judgment and plaintiff appeals from this judgment.

Appellant Nettie Terrell's complaint is summarized as follows: The appellee, Western Casualty & Surety Company, had issued to one Horace Cole a liability policy on an automobile; Cole was involved in a collision with a vehicle owned and driven by appellant, Nettie Terrell, causing severe personal injury to her; she instituted suit against Cole; certain negotiations regarding settlement of the case were entered into; Cole made demand on appellee insurance company to settle the suit within the policy limits; an offer was made by appellee insurance company to settle the cases of Nettie Terrell v. Horace Cole and Elizabeth Terrell v. Horace Cole, Elizabeth being Nettie's daughter who was a passenger in the Terrell car. The offer of settlement was rejected on the ground it was made in bad faith; the case went to trial and at the instance of appellee's counsel Cole admitted liability and the case was presented to the jury on the question of damages only; the jury returned a verdict for Nettie Terrell against Cole in the amount of $16,848.05; the policy held by Cole was limited to $10,000 for each person, $20,000 for each accident. Appellee insurance company paid to the Clerk of the Court $10,113.50 and Cole was confronted with an unsatisfied judgment against him in the sum of $6,734.55, being the amount of the judgment in excess of the policy limits. An execution was issued against Cole. In order to obtain withdrawal of the execution, Cole executed an assignment of his claim against appellee's insurance company to the appellant, Nettie Terrell; that appellee insurance company was guilty of

fraud and bad faith in refusing to negotiate a fair settlement of the suit and claiming judgment against appellee for the sum of $6,734.55.

After answer was filed denying the allegations of the complaint, certain interrogatories were propounded to the appellee. Most of the allegations of the complaint were admitted, others denied. The pertinent allegations denied were that Cole had made a demand upon the insurance company to settle and that the appellee insurance company was guilty of fraud or bad faith in declining to settle the case within the policy limits. Appellee interposed the defenses of invalidity of the assignment and no consideration for the assignment since the judgment was unsatisfied. There was also a controversy with regard to additional interrogatories filed by appellant demanding production of letters and documents pertaining to settlement negotiations entered into in the damage suits. This will be discussed further after disposing of the principal question of law involved in this appeal.

In the former lawsuits Cole was represented by counsel for the amount in litigation exceeding the policy limits.

■ As to the validity of the assignment from Cole to the appellant, Nettie Terrell, it is in effect the assignment of a chose in action for failure to fulfill a contractual obligation. This action is based on a breach of the insurance contract and the damages resulting therefrom. It is not in tort, and while the specific language will not be found in the contract it is there by operation of law. American Sur. Co. of N. Y. v. J. F. Schneider & Son, Inc., Ky., 307 S.W.2d 192, and State Farm Mut. Auto. Ins. Co. v. Marcum, Ky., 420 S.W.2d 113. All defenses on behalf of appellee insurance company that were available had Cole prosecuted this action are available to it in defending against appellant. Appellee argued no consideration for the assignment since the judgment was not satisfied. This contention is answered in the State Farm

Mutual case, supra. "However, we find the great weight of authority is that the entry of a final judgment, rather than satisfaction of it, gives rise to the cause of action." The damages are liquidated and are the difference between the total amount of the judgment and the limits of the policy. Certainly there was good and valuable consideration for the unsatisfied portion of the judgment in the amount of $6,734.55, and to be relieved of this during the pendency of this action is sufficient.

■ The assignment of a chose in action of this nature we conclude is valid and not against public policy. State Farm Mut. Auto. Ins. Co. v. Marcum, Ky., 420 S.W.2d 113, 6 Am.Jur.2d 217 (Assignments, § 33).

■ It is well settled that a liability insurer which exercises bad faith in refusing to settle a claim against its insured within the policy limits may become liable to insured for amounts in excess of the policy limits.

■ The rule concerning the duties and obligations of liability insurers is set out in detail in the case of American Sur. Co. of N. Y. v. J. F. Schneider & Son, Inc., Ky., 307 S.W.2d 192, at page 195, where the court said:

"There is no liability on the insurer for failure to settle claims against the insured in excess of the policy limit in the absence of bad faith. It is the duty of the insurer to exercise the utmost good faith. Mere errors of judgment are not sufficient to constitute bad faith. Acting in bad faith or the failure to exercise good faith is sufficient to create liability on the part of the insurer for the excess of the policy limit. * * *

"No satisfactory test to determine good or bad faith in a case such as this has been formulated. See 40 ALR 2d § 5, page 181. The insurer is interested in settling the claim at the lowest amount within the policy limit, while the insured

desires to avoid any liability for the excess. These interests may conflict. The insurer has control of the defense and settlement of the claim. The insurer is not required to consult the interest of the insured to the exclusion of its own interest. The right to defend and settle provision is obviously for the protection of the insurer. Good faith requires the insurance company to do nothing to the prejudice of the insured which is not beneficial to itself; yet, when the interests are in conflict, there is no duty to the insured except that for which the insurer has expressly contracted. St. Joseph Transfer & Storage Co. v. Employers' Indem. Corp., 224 Mo.App. 221, 23 S.W.2d 215. So long as it acts in good faith, considering the interest of the insured as well as its own, and not capriciously, an insurer cannot be required to settle a case rather than to litigate a doubtful issue or to bear the financial burden imposed on the insured if ultimate liability should exceed the policy limit. Farm Bureau Mut. Auto Ins. Co. v. Violano, 2 Cir., 123 F.2d 692, certiorari denied 316 U.S. 672, 62 S.Ct. 1043, 86 L.Ed. 1747."

In that case the issue of liability was litigated and the court further said:

"The inaccuracy of a prophecy as to what a jury will do in the trial of a personal injury case where the evidence is conflicting or gives rise to conflicting inferences does not, in our opinion, justify a finding of bad faith."

It is significant to note that in the present case liability was admitted and the issue of damages alone was presented to the jury. It would seem that in a situation as presented here, where the evaluation of the chances of liability was not present, there should be imposed a stricter duty upon the insurer to do nothing to the prejudice of the insured. In the State Farm Mutual case, supra, it was stated that the fact that there were strong cases against the insured may be considered on the issue of bad faith.

▮ The insurer must not abuse the power it has to negotiate and make settlements and refuse to settle within the limits of the policy if the damage to the insured is reasonably certain. State Farm Mut. Auto. Ins. Co. v. Marcum, 420 S.W.2d 113, wherein proper instructions are set out, also the relevant factors competent to go before the jury. The admission of liability is a factor to be considered by the jury.

▮ Finally it is within the proper scope of discovery to inquire into and demand the production of all documents and material pertaining to any negotiations or offers of settlement. These matters could not be considered as having been produced in preparation for trial or in anticipation of any litigation that is now or may hereafter be pending. They concern another suit or suits which have been terminated. Our opinion is that they do not come within the protection of CR 37.02.

▮ We conclude that the assignment from Cole to the appellant was valid and the issues in the case should be developed and tried.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

All concur.