**James L. TUCKER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 17, 1974.

Anthony M. Wilhoit, Public Defender, William C. Ayer, Jr., Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Robert W. Riley, Asst. Atty. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

James L. Tucker's murder trial in the Daviess Circuit Court resulted in a jury's finding him guilty of voluntary manslaughter and fixing his punishment at twenty-one years in prison. Upon this appeal Tucker seeks reversal on two claimed errors: (1) It was prejudicial error to admit as evidence the results of a lie detector test; and (2) it was prejudicial error to instruct the jury on voluntary manslaughter.

Tucker was charged with the murder of Gwen Proffitt with whom he was living. Gwen died as a result of a wound inflicted by a .22 caliber revolver. At that time Tucker told the authorities that she was playing "Russian Roulette" and shot herself. The .22 revolver contained only one shell which had been discharged, but, strangely enough, the shell was located two cylinders over from the place where the shell would ordinarily be discharged. Cartridges upon which there were blood stains were found in a drawer in the vicinity of the shooting.

Subsequent to Tucker's indictment upon a charge of murder, he stated that he was innocent and insisted that he be permitted to take a lie detector test. Tucker appeared in open court with counsel and agreed to and signed a stipulation that he would submit to such test and that the results of the test might be used in open court and admissible before a jury upon a trial of the murder charge. The stipulation was signed by the circuit judge and duly spread upon the order book of the circuit court.

At the time Tucker was tried, the Commonwealth's attorney read the results of the lie detector test to the jury. Tucker made no effort to withdraw his consent to the use of the test nor did he or his counsel object to the introduction of the report. In view of the fact that Tucker made no effort to withdraw his consent or object to the admission of the evidence, he has not properly preserved this question for re-

view, and it cannot now be raised upon this appeal. Taylor v. Commonwealth, Ky., 413 S.W.2d 614 (1967); Russell v. Commonwealth, Ky., 482 S.W.2d 584 (1972).

In testifying in his own defense, Tucker changed his version of the shooting by testifying that at about 3 a. m. he went to Gwen's house and she met him at the door with a pistol in her hand. They sat down at the table in the kitchen, he got himself a drink, and then started "fiddling" with the radio. When he looked around Gwen was seated on the other side of the table pointing the pistol at him. He testified that he reached "like I was reaching for the vodka" and got the gun but when he pulled she wouldn't let go, so "I stood up, and I still had a hold of the gun, and I had the gun twisted toward the wall. And I stood up, and I pulled at the gun, just trying to get it away from her." The pistol discharged, killing Gwen.

■ Tucker's objection to the instruction on voluntary manslaughter is refuted by his own testimony. He had told the jury that he and Gwen had had trouble because he had been going out with other women and that a short time prior to the shooting they had an argument and he slapped her. Furthermore, his revised version of the immediate events presented a picture of a struggle over a gun and the possibility that in the sudden affray, shots were fired in the heat of passion. This is further bolstered by the fact that somebody pulled the trigger on the revolver two times after the shot that killed Gwen had been fired. This evidence on the part of Tucker was sufficient to create a reasonable inference that he might be guilty of a lesser crime than murder and, therefore, appropriate instructions were necessary. Stanley v. Commonwealth, Ky., 380 S.W.2d 71 (1964); Greenville v. Commonwealth, Ky., 467 S.W.2d 765 (1971).

The judgment is affirmed.

All concur.