**Ellen B. EWING, Judge and Charlotte Ann May, Appellants,**

v.

**Robert Benjamin MAY, Jr., Appellee.**

Supreme Court of Kentucky.

Jan. 16, 1986.

Rehearing Denied April 10, 1986.

F. Larkin Fore, Louisville, for appellants.

Fred Simon, Louisville, for appellee.

WINTERSHEIMER, Justice.

This appeal is from an order of the Court of Appeals prohibiting enforcement of a discovery order issued by the circuit court.

The questions presented are whether a writ of prohibition was an appropriate remedy in this case and whether a custodial parent seeking an increase in child support may obtain discovery, as limited by the trial court's order, of the noncustodial parent's spouse for the purpose of determining the financial needs in accordance with KRS 403.210(5).

The original decree was entered January 7, 1981 and was modified on March 4, 1983. The order required the father to pay his former wife $600 per month for the support of three minor children. In addition to obtaining the financial data from the noncustodial parent, certain financial information was subpoenaed from the noncustodial parent's present wife. After a hearing before the circuit court it was determined

that certain of the data regarding the present spouse of the father was discoverable. The trial judge made no ruling on the admissibility of the evidence but determined that such evidence was discoverable as it could lead to relevant evidence contemplated by Civil Rule 26.02(1). Robert May obtained a writ of prohibition against the production of his current spouse's financial records.

The order of the Court of Appeals is set aside because the writ of prohibition is inappropriate. There is a right of appeal and no great injustice or irreparable injury would result if the normal appellate procedures were followed. A custodial parent seeking an increase in child support may obtain discovery of the other parent's spouse as limited by the trial court's order for purposes of determining the financial needs and resources of the noncustodial parent pursuant to KRS 403.210(5).

## I

■ In this case, the writ of prohibition is not appropriate because there is no manifest injustice or irreparable injury which would result if the normal appellate procedures were followed. There is an adequate remedy at law by appeal. Prohibition is not a substitute for appeal. *See Schaetzley v. Wright*, Ky., 271 S.W.2d 885 (1954).

■ Here the circuit judge has not done anything to usurp or abuse her authority so as to require the appellate court to step in to prevent an injustice. The relief of prohibition is an extraordinary remedy. The relief sought here can be achieved if found proper through ordinary appellate channels.

## II

■ A custodial parent seeking an increase in child support may obtain limited and reasonable discovery of the other parent's spouse for the purpose of determining the financial needs and resources of the noncustodial parent pursuant to KRS 403.210(5).

■ CR 26.02 provides that the parties may obtain discovery of any matter not privileged which is relevant to the subject matter in the pending action. Relevancy is more loosely construed for purposes of discovery than for trial. It is not necessary that the information sought be admissible as competent evidence at trial. Even though it might be otherwise incompetent and inadmissible, information may be elicited if it appears reasonably calculated to lead to the discovery of admissible evidence. It is allowable if there is a reasonable possibility that the information sought may provide a lead to other evidence that will be admissible. For an additional discussion see Bertelsman and Philipps, *Kentucky Practice*, (4th ed.), CR 26.02 § 4.

■ The rule exempts privileged matters as a subject of an examination. Such privileged matters should be limited to communications and other matters which are excluded by the constitution, the statute or our rules. This would include the privilege from self-incrimination under Section 11 of the Kentucky Constitution and KRS 421.210(1) and (4). Witnesses are not required to testify in regard to (1) confidential communications between husband and wife; (2) communications between attorney and client and (3) confessions made to a clergyman.

■ Traditionally the law has assumed that confidentiality in the private affairs of husband and wife is essential to the health of the marital relationship. KRS 421.210(1) has codified such a privilege in both civil and criminal matters. It protects against the disclosure of any communication made during the existence of the marital relationship as long as that communication was made in confidence. An act committed by one spouse in the presence of the other and a third person is not protected by the husband and wife privilege. *See York v. Commonwealth*, Ky., 395 S.W.2d 781 (1965).

Testimony from a wife about the earnings of her deceased husband was found to be outside the coverage of marital privilege because it does not appear that this knowledge was gained by reason of the marital relation, and there are conceivably many other means by which the information could have been obtained. *Kennedy Transfer Co. v. Greenfield's Admx.*, 248 Ky. 708, 59 S.W.2d 978 (1933).

■ The right of privacy must be balanced against a critical need for information. In situations where privileged facts are interwoven with facts that are conceivably privileged, the determining factor is the availability of the nonprivileged facts from other sources, and where no other source exists the balance must be struck in favor of distilling, if possible, nonprivileged facts from documents. The trial court must allow with care and sound discretion reasonable discovery of the resources of the spouse of the noncustodial parent as they apply to the noncustodial parent's financial needs. All of this must be then again balanced against the needs and best interests of the children of the marriage.

■ In order to prevent the abuse of discovery, the trial court has full authority to issue a protective order. *See* CR 26.-03(1); *Hoffman v. Dow Chemical Co.*, Ky., 413 S.W.2d 332 (1967). A protective order is proper where a party requires protection from annoyance, embarrassment, oppression, or undue expense or burden. The trial judge appears to have appropriately limited discovery in this case.

■ Obviously an ex-spouse should not be allowed a wholesale fishing license as to the financial resources of a new spouse. Here the trial judge limited the scope of inquiry. A limited inquiry may be valid if it is relevant to the amount of child support under KRS 403.210(5). That statute permits the trial judge to consider among other things the financial resources and needs of the noncustodial parent. In many cases, remarriage may substantially affect the financial resources and needs of the person marrying. The new spouse has no legal obligation to support the children of the other spouse. However, the availability of his or her income as it affects the financial needs of the noncustodial spouse is a proper consideration when balancing the needs of the noncustodial spouse and the needs of the children.

■ Here the limited discovery ordered by the trial judge was calculated to lead to the possible introduction of admissible evidence—the resources and needs of the noncustodial parent. There is no practical way to test the credibility of the appellee's testimony or to impeach his evidence presented regarding financial resources available from a new spouse without discovery.

Discovery may be taken directly from the new spouse as to the limited financial data in the trial court's order in the event the husband is unable or unwilling to produce the relevant financial information.

The order of the Court of Appeals granting the writ of prohibition is vacated and set aside. The order of the circuit court is reinstated.

AKER, LEIBSON, VANCE and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., dissents by separate opinion.

GANT and STEPHENSON, JJ., join in this dissent.

STEPHENS, Chief Justice, dissenting.

I respectfully dissent. The writ of prohibition issued by the Court of Appeals properly prevented a great and irreparable injury. The Court of Appeals stepped in to cure the trial court's abuse of discretion in ordering the discovery of financial resources of the noncustodial parent's new spouse.

The assets of a noncustodial parent's spouse can not legally be considered finan-

cial resources of the noncustodial parent. A husband owns no interest in his wife's property, even that acquired after marriage. During the marriage the wife shall hold and own all her estate to her separate and exclusive use, and free from the debts, liabilities or control of her husband. KRS 404.010. Thus, the resources of a new spouse have no bearing on the statutorily mandated factor in determining child support of the financial resources and needs of the noncustodial parent. KRS 403.210.

To consider the new spouse's finances as a change of circumstances for the noncustodial parent, though she clearly has no obligation to support children of her husband's prior marriage, is to cause her to indirectly be liable for those children's support.

GANT and STEPHENSON, JJ., join in this dissent.