**H.T. RIGGS, Jr. and Elsa Riggs, Appellants,**

v.

**Hon. Edwin SCHROERING, Jr., Judge, Jefferson Circuit Court and Aetna Casualty & Surety Company, Inc. (Real Party in Interest), Appellees.**

No. 91–SC–633–MR.

Supreme Court of Kentucky.

Nov. 21, 1991.

Case Ordered Published by Supreme Court Jan. 9, 1992.

As Modified Jan. 23, 1992.

Gary L. Gardner, Louisville, for appellants.

Richard P. Schiller, Louisville, for appellees.

LEIBSON, Justice.

This is a matter of right appeal from a Court of Appeals' Order denying a Petition for Writ of Prohibition.

H.T. Riggs, Jr. (Riggs), the appellant and the plaintiff in the underlying case, was injured in a rear-end collision when his vehicle was struck by one driven by Lawrence Schnur. Schnur carried his liability insurance with Aetna Casualty & Surety Company, Inc. (Aetna), the appellee and defendant in the underlying case.

Riggs' attorneys, Gary Gardner and Joan Byer, made a settlement demand against Aetna several months after the accident. Aetna had paid the property damage claim but did not make a settlement offer regarding the personal injuries. Aetna claims it was seeking additional information to substantiate injuries and medical expenses, and Riggs' attorneys claim Aetna was simply dilatory.

Finally, in May, 1989, some seven months after Gardner's settlement demand, Riggs filed suit against Schnur and Aetna. The claim against Schnur was for personal injuries, and it has been settled. The claim against Aetna alleges unfair claims settlement practices in violation of KRS 304.12–230, and this is the subject matter of the underlying controversy.

In pursuing the claim against Aetna, Riggs' attorneys have deposed the insurance adjuster Aetna assigned to this claim, Howard VanAtta, on two occasions. In turn, Aetna has attempted to depose Riggs' attorneys, Gary Gardner and Joan Byer, having served them with a subpoena ducas tecum "to bring with them to Deposition their complete file ... [to] include but not be limited to correspondence between the attorneys and Mr. Howard VanAtta, memos of telephone conversations concerning same, and copies of documentation forwarded concerning same." Riggs' attorneys responded with a motion to quash

these subpoenas, which was denied after a hearing.

Riggs then pursued an Original Action in the Court of Appeals seeking a Writ of Prohibition to prevent the taking of these depositions. The Motion for Writ of Prohibition asserted as the principal ground that the taking of these attorneys' discovery depositions would violate the attorney/client privilege which has "become sacrosanct in this Commonwealth, unless there should be a clear and convincing showing that an attorney was actively engaging in some form of fraud or criminal activity with or on behalf of a client." The Writ was denied. Thus the issue presented to us is whether the appellant will suffer irreparable damage by reason of breach of the attorney/client privilege if these discovery depositions are permitted.

The Court of Appeals cited *Ewing v. May*, Ky., 705 S.W.2d 910 (1986) in support of its Order. In *Ewing*, the Court of Appeals granted a writ of prohibition, and we vacated the writ where the trial court refused to quash limited discovery of a noncustodial parent's spouse's financial resources in a child support case. The appellant points out, and we readily agree, that the case did not involve invasion of the "sacrosanct" attorney/client privilege, but nevertheless it did involve an important "right of privacy" to "be balanced against a critical need for information." *Id.* at 913. The case is in point in the present case in that it recognizes the importance of satisfying the "need" for discovery information if a law suit is to be decided as a search for the truth, and the policy of the law to accommodate such need if the courts can do so consistent with a legal privilege. The case also suggests that the trial court can "prevent the abuse of discovery" by issuing "a protective order."

*Terrell v. Western Casualty & Surety Co.*, Ky., 427 S.W.2d 825 (1968) is a case similar to the present one in some significant respects. It involved, in pertinent part, a discovery issue in a claim against an insurance company of "bad faith in refusing to negotiate a fair settlement of the suit." *Id.* at 827. *Terrell* states:

"Finally it is within the proper scope of discovery to inquire into and demand the production of all documents and material pertaining to any negotiations or offers of settlement. These matters could not be considered as having been produced in preparation for trial or in anticipation of any litigation that is now or may hereafter be pending. They concern another suit or suits which have been terminated." *Id.* at 828.

Thus *Terrell* recognizes that in the "bad-faith-failure-to-settle" action which followed after the litigation against the insured was concluded, matters pertaining to the negotiation were a legitimate subject of discovery. Just as in *Ewing v. May, Terrell* did not involve the attorney/client privilege. But it did involve matters privileged from discovery as trial preparation materials under CR 26.02(3), a problem somewhat similar to the present one. It resolves the question whether material relating to negotiations is privileged from discovery where the subject matter of the litigation involves these negotiations. Indeed, here the insurance carrier and its adjuster have already responded to discovery on this same subject matter. Discovery is a two-way street.

"A communication made to [an 'attorney'], in his professional character, by his client, or his advice thereon," are the subject of the statutory attorney/client privilege found in KRS 421.210(4). Aside from those matters communicated by the client and the attorney's advice, there is no further statutory privilege, and there is no other privilege against discovery excepting that provided in CR 26.02. The real question presented is what type of discovery limitations are needed to restrict the scope of the examination of the attorneys as necessary to protect the attorney/client privilege.

We have no record of the discussion regarding the scope of discovery at the time the trial court overruled the motion to quash the deposition. However, we do have a report of that hearing in Appellee's Brief, and a statement from Aetna regarding the *limited* scope of the discovery it seeks.

The report is as follows:

"Aetna seeks to discover communications between it and Riggs' attorneys. Aetna also seeks to discover the medical information about Riggs held by Riggs' attorneys at the time the attorneys agreed to provide the information to Aetna. Aetna does not seek to discover communications between Riggs and his attorneys. The parties outlined in detail the scope of the deposition testimony before Judge Schroering shortly before he overruled a motion for a protective order.

Judge Schroering was told that information and documents requested by Aetna may be interwoven with matters that are privileged. Aetna agreed that Riggs' attorneys could strike from the requested documents any testimony or information about privileged communications."

Riggs' Brief then specifies the limits of the discovery it seeks as follows:

"Aetna seeks to depose counsel for the sole purpose of discovering the existence of telephone conversations between the attorneys and Aetna and to establish the truth of statements made by the attorneys with regard to the dates on which the attorneys claimed they possessed certain relevant medical information. These are not the kind of inquiries protected by the attorney/client privilege."

The discovery which Aetna seeks is relevant to the subject matter (*Terrell v. Western Casualty, supra*), and Aetna is prepared to concede that no discovery will be attempted beyond the limits imposed by the attorney/client privilege. We agree with Aetna that the discovery which it seeks (as quoted above) is both appropriate and a reasonable accommodation of the attorney/client privilege.

Therefore, with the understanding that discovery will be limited as quoted above, the Order Denying the Petition for Writ of Prohibition is affirmed.

All concur.