# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

*THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28 (4) (c), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS AUTHORITY IN ANY OTHER CASE IN ANY COURT OF THIS STATE.*

RENDERED: MAY 18, 2006
NOT TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

## 2005-SC-0837-MR

DATE 6-8-06 Elizabeth Growth, D.C.

KINDRED HEALTHCARE, INC.;
KINDRED HEALTHCARE OPERATING,
INC.; AND KINDRED NURSING
CENTERS LIMITED PARTNERSHIP
D/B/A DANVILLE CENTRE FOR HEALTH
AND REHABILITATION

APPELLANTS

V.

APPEAL FROM ORIGINAL ACTION IN COURT OF APPEALS
2005-CA-1502

HONORABLE DARREN W. PECKLER,
JUDGE, BOYLE CIRCUIT COURT

APPELLEE

AND

NONA SUE YOUNG, AS POWER OF
ATTORNEY OF LUCILLE DEAN
(REAL PARTY IN INTEREST)

APPELLEE

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

On December 15, 2003, Lucille Dean was admitted to the Danville Centre for

Health and Rehabilitation ("Danville Centre") by Nona Sue Young, her attorney-in-fact

and daughter. The Danville Centre is a nursing home facility in Danville, Kentucky,

operated by Appellant, Kindred Healthcare, Inc. ("Kindred").[1] As a part of the admission procedure, Young, on behalf of Dean, signed several admissions documents, among them an alternative dispute resolution ("ADR") agreement that provided for the resolution of all disputes through arbitration.

On March 9, 2005, Young filed suit in the Boyle Circuit Court against Appellant for its alleged negligence in providing medical and nursing care for Dean and for willful violations of Dean's statutory rights, KRS 216.515, arising from Dean's residence in the Danville Centre. On April 5, 2005, Kindred moved the trial court to dismiss Dean's suit and order arbitration, KRS 417.060(1), or, in the alternative, to stay proceedings pending arbitration of the issues for which Dean sued Kindred, KRS 417.060(4). On May 23, 2005, the trial judge ordered limited discovery on the sole issue of whether the arbitration agreement in the contract executed by Young on behalf of Dean was void.[2] KRS 417.050.

On June 13, 2005, Kindred filed a motion in the same court for emergency protection from the discovery order, CR 26.03(1)(a) & (d), alleging that the requested discovery was irrelevant and beyond the permissible scope of the May 23 discovery order. In its CR 26.03 motion, Kindred objected to three "inappropriate" categories of discovery requests by Dean: (1) "Requests directed toward ADR agreements between [Kindred] and residents other than Lucille Dean;" (2) "Requests directed toward the relationship between [Kindred] and the service that administers the ADR program;" and

---

[1] The Appellants in this suit are actually three related business associations: Kindred Healthcare, Inc.; Kindred Healthcare Operating, Inc.; and Kindred Nursing Centers Limited Partnership d/b/a Danville Centre for Health and Rehabilitation. Each has the same agent for service of process.

[2] Kindred's motion was not sustained or overruled; the order stated that "Defendants may . . . renew their motion regarding enforcement of the Alternative Dispute Resolution Agreement" following the ordered discovery.

(3) "Requests that seek information regarding [Kindred's] internal development of and training for their ADR program." On July 11, 2005, the Boyle Circuit Court denied Kindred's motion.

On July 18, 2005, Kindred petitioned the Court of Appeals for a writ to prohibit Boyle Circuit Judge Peckler from presiding over the challenge to the ADR agreement or from enforcing his discovery order, CR 76.36, arguing that the court lacked jurisdiction to refuse to order the parties to submit to arbitration and to order discovery on the issue; and alternatively that it acted erroneously, albeit with jurisdiction, in ordering "broad nationwide discovery" that is "not rationally related to the existence of an ADR agreement." Kindred alleged further that it would suffer great and irreparable harm and that a miscarriage of justice would result if the Court of Appeals did not issue the writ.

On October 11, 2005, the Court of Appeals denied Appellant's petition. Appellant appeals to this Court as a matter of right, Ky. Const. § 115; CR 76.36(7)(a), arguing that the Court of Appeals abused its discretion. Finding no error, we affirm.

## I. WRIT OF PROHIBITION.

"A writ of prohibition is an 'extraordinary remedy and we have always been cautious and conservative both in entertaining petitions for and in granting such relief.'" Grange Mut. Ins. Co. v. Trude, 151 S.W.3d 803, 808 (Ky. 2004) (quoting Bender v. Eaton, 343 S.W.2d 799, 800 (Ky. 1961)). When sought against a circuit court judge, a writ of prohibition is an original action filed in the Court of Appeals.[3] CR 76.36 & 81; SCR 1.030(3); Trude, 151 S.W.3d at 809. Whether to grant a writ of prohibition rests within the sound discretion of the court of original jurisdiction, and the standard of

___

[3] A circuit court may hear an original action for a writ of prohibition against a district court judge. SCR 1.040(6); Trude, 151 S.W.3d at 809 n.14.

- 3 -

review is abuse of discretion, <u>Trude</u>, 151 S.W.3d at 809-10; <u>Hoskins v. Maricle</u>, 150 S.W.3d 1, 9 (Ky. 2004); <u>Lexington Pub. Library v. Clark</u>, 90 S.W.3d 53, 62-63 (Ky. 2002), <u>i.e.</u>, "whether the [inferior court] judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." <u>Goodyear Tire & Rubber Co. v. Thompson</u>, 11 S.W.3d 575, 581 (Ky. 2000). Writ cases are divided into two classes: (1) those where the inferior court is allegedly acting without jurisdiction; and (2) those where it is allegedly acting erroneously, but within its jurisdiction. <u>Hoskins</u>, 150 S.W.3d at 6; <u>Bender</u>, 343 S.W.2d at 800-01. In either class of case, the court of original jurisdiction <u>may</u> issue an extraordinary writ

> upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

<u>Hoskins</u>, 150 S.W.3d at 10; <u>see also Trude</u>, 151 S.W.3d at 808; <u>Bender</u>, 343 S.W.2d at 800-01.

Although we review the decision to grant or deny a writ for an abuse of discretion, the applicable standard of review in such cases is multifaceted and warrants further explanation.

> De novo review will occur most often under the first class of writ cases, <u>i.e.</u>, where the lower court is alleged to be acting outside its jurisdiction, because jurisdiction is generally only a question of law. . . . But in most of the cases under the second class of writ cases,[4] <u>i.e.</u>, where the lower court is acting within its jurisdiction but in error, the court with which the petition for a writ is filed only reaches the decision as to issuance of the writ once it finds the existence of the conditions precedent, <u>i.e.</u>, no adequate remedy on appeal, and great and irreparable harm. If these

---

[4] Some writ cases under the second class of cases concern matters of privilege, which are issues of law and are thus reviewed de novo. <u>Trude</u>, 151 S.W.3d at 808; <u>Clark</u>, 90 S.W.3d at 62.

procedural prerequisites for a writ are satisfied, whether to grant or deny a petition for a writ is within the lower court's discretion.

But the requirement that the court must make a factual finding of great and irreparable harm before exercising discretion as to whether to grant the writ then requires a third standard of review, i.e., clear error, in some cases. This is supported by the fact that the petition for a writ is an original action in which the court that hears the petition, in this case the Court of Appeals, acts as a trial court. And findings of fact by a trial court are reviewed for clear error. Therefore, if on appeal the error is alleged to lie in the findings of fact, then the appellate court must review the findings of fact for clear error before reviewing the decision to grant or deny the petition.

Trude, 151 S.W.3d at 810 (citations and footnotes omitted). Thus, we review the Court of Appeals' jurisdictional determination de novo and its factual findings regarding the "conditions precedent" to the issuance of a writ for clear error; only then, if the conditions have been met, do we review its decision to deny the writ for an abuse of discretion.

Because Appellant claims that the Boyle Circuit Court is acting without jurisdiction and, alternatively, that it is acting erroneously within its proper jurisdiction, we analyze each claim independently.

### A. Scope of Circuit Court Jurisdiction.

Appellant asserts that KRS Chapter 417, Kentucky's analogue to the Uniform Arbitration Act, see KRS 417.045, deprives the trial court of jurisdiction when a valid arbitration agreement exists between parties, reserving for the trial court jurisdiction only to determine the validity of an arbitration agreement when contested. Appellant argues further that because Dean cannot establish fraud in the inducement or unconscionability for the arbitration agreement, the signature by Dean's attorney-in-fact binds her to its terms; ergo, the Boyle Circuit Court lacks jurisdiction to order discovery of any materials pertaining to anything other than the arbitration agreement signed by Dean and the factual context in which it was presented and signed.

- 5 -

KRS 417.050 reads in pertinent part:

A written agreement to submit any existing controversy to arbitration or a provision in written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law for the revocation of any contract.

(Emphasis added.) KRS 417.060 states, inter alia:

(1)    On application of a party showing an agreement described in KRS 417.050, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration. If the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised. The court shall order arbitration if found for the moving party; otherwise, the application shall be denied.

(Emphasis added.) The emphasized language in KRS 417.060(1) is a saving clause, reserving from the grant of jurisdiction to an arbitration forum issues as to the existence or validity of the ADR agreement. See EEOC v. Waffle House, Inc., 534 U.S. 279, 294, 122 S.Ct. 754, 764, 151 L.Ed.2d 755 (2002) (applying Federal Arbitration Act[5]); Louisville Peterbilt, Inc. v. Cox, 132 S.W.3d 850, 854 (Ky. 2004); Conseco Fin. Servicing Corp. v. Wilder, 47 S.W.3d 335, 339-40 (Ky. App. 2001); Beyt, Rish, Robbins Group v. Appalachian Reg'l Healthcare, Inc., 854 S.W.2d 784, 786 (Ky. App. 1993); but see Saneii v. Robards, 187 F. Supp. 2d 710, 713-14 (W.D. Ky. 2001) (when entire contract, rather than arbitration agreement specifically, is challenged on basis of fraud, and when arbitration agreement includes claims of fraud within its scope, trial court lacks jurisdiction and must order arbitration); Cox, 132 S.W.3d at 855.

Although "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,

---

[5] Kentucky courts interpret the Kentucky Uniform Arbitration Act consistently with the Federal Arbitration Act. Louisville Peterbilt, Inc. v. Cox, 132 S.W.3d 850, 855-56 (Ky. 2004).

- 6 -

460 U.S. 1, 24-25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983) (emphasis added), the existence of a valid arbitration agreement as a threshold matter must first be resolved. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S.Ct. 1920, 1924, 131 L.Ed.2d 985 (1995). "The [Kentucky Arbitration] Act is a straightforward expression of public policy in favor of enforcement of arbitration agreements, save upon such grounds as exist at law for the revocation of any contract. KRS 417.050." Beyt, Rish, Robbins Group, 854 S.W.2d at 786 (quotation omitted).

A contract may be rescinded or voided on the basis of, inter alia, fraud, unconscionability, mutual mistake, or illegality. See, e.g., Wilder, 47 S.W.3d at 341-42; Jones v. White Sulphur Springs Farm, Inc., 605 S.W.2d 38, 42 (Ky. App. 1980). Although an arbitration agreement is not unconscionable merely because the arbitral rights of the parties are imbalanced, Wilder, 47 S.W.3d at 343, an arbitration agreement may be unconscionable, and therefore unenforceable, if the arbitral forum is biased or the terms of the arbitration are so one-sided that no reasonable person would willingly enter into such an agreement. Id. at 342; see generally Floss v. Ryan's Family Steak Houses, Inc., 211 F.3d 306 (6th Cir. 2000). Thus, the Boyle Circuit Court has jurisdiction under KRS 417.050 to entertain Dean's claim that the ADR agreement is void.

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." CR 26.02(1). Although the court has a duty to keep the inquiry within reasonable grounds, Carpenter v. Wells, 358 S.W.2d 524, 526 (Ky. 1962), relevancy is more broadly construed for purposes of discovery than admissibility at trial. Ewing v. May, 705 S.W.2d 910, 912 (Ky. 1986). "It is not necessary that the information sought be admissible as competent

evidence at trial." Id. A trial court has broad discretion in ordering discovery. Metro. Prop. & Cas. Ins. Co. v. Overstreet, 103 S.W.3d 31, 36 (Ky. 2003); Berry v. Commonwealth, 782 S.W.2d 625, 627-28 (Ky. 1990); Sexton v. Bates, 41 S.W.3d 452, 455 (Ky. App. 2001).

Clearly, the Boyle Circuit Court has jurisdiction over this limited issue, and an exercise of discretion regarding discovery with respect to this issue does not deprive it of such. Therefore, Appellant's claim that the Boyle Circuit Court lacks jurisdiction is without merit.

### B. Erroneous Action within Jurisdiction.

When an extraordinary writ is sought against a court for allegedly acting erroneously, albeit with proper jurisdiction, a proponent must first make a factual showing that (a) no other adequate remedy exists, and (b) great and irreparable harm will result from the alleged error if the writ is denied. Bender, 343 S.W.2d at 800-01; Chamblee v. Rose, 249 S.W.2d 775, 776-77 (Ky. 1952). These factual showings are conditions precedent to the grant of a writ of prohibition, without which relief is ordinarily denied. Hoskins, 150 S.W.3d at 9 ("[O]nly after determining that the prerequisites exist will the court decide whether an error occurred for which a writ should issue."); Bender, 343 S.W.2d at 801; Chamblee, 249 S.W.2d at 776-77. Under this rule, although a court of original jurisdiction has broad discretion regarding whether to entertain a writ of prohibition, its findings relating to these criteria are accepted as true unless shown to be clearly erroneous. CR 52.01; Trude, 151 S.W.3d at 810; Miller v. Eldridge, 146 S.W.3d 909, 915 (Ky. 2004); Stidham v. Clark, 74 S.W.3d 719, 722 (Ky. 2002). Because the Court of Appeals is the court of original jurisdiction over Appellant's writ of prohibition, the requisite factual findings made by it under KRE 104(a) and CR 26.02 are

"conclusive if supported by substantial evidence." Talbott v. Commonwealth, 968 S.W.2d 76, 82 (Ky. 1998) (citing RCr 9.78 & Diehl v. Commonwealth, 673 S.W.2d 711 (Ky. 1984)).

In its October 11, 2005, order denying Kindred's petition for a writ of prohibition, the Court of Appeals stated:

> [W]hen the argument is that the trial court is acting erroneously within its jurisdiction, a petitioner must first demonstrate great and irreparable injury and the lack of an adequate remedy by appeal. We believe that Kindred failed to make such a showing. Its claim . . . is factually unsubstantiated. As to irrelevancy, . . . it has been held not a method of proving great and irreparable injury.

Kindred Healthcare, Inc., et al. v. Peckler, No. 2005-CA-001502-OA, slip op. at 3 (Ky. App. Oct. 11, 2005) (footnotes and citations omitted). We agree with the conclusion of the Court of Appeals.

Ironically, while Kindred asserts the delayed resolution of the underlying dispute with Dean as one aspect of irreparable harm, its own motion for a protective order, filed June 13, 2005, then petition for a writ of prohibition, then appeal of the denial of the writ, have delayed the proceedings for almost a year; Kindred has primarily caused the delay which it now calls "irreparable injury." Beyond this inadequate articulation of the alleged irreparable injury, Kindred makes only unsustained, conclusory allegations of imminent and substantial harm.

This Court has characterized "irreparable injury" as "something of a ruinous nature," Bender, 343 S.W.2d at 801, and "incalculable damage to the applicant . . . either to the liberty of his person, or to his property rights, or other far-reaching and conjectural consequences." Litteral v. Woods, 223 Ky. 582, 4 S.W.2d 395, 397 (1928) (emphasis added). Moreover:

- 9 -

> An impression has arisen that the mere loss of valuable rights or property through an error of the court constitutes great and irreparable injury entitling the loser automatically to relief from the error. However, a careful analysis of the cases dealing with the supervisory power of the Court . . . under Section 110 of the Kentucky Constitution will disclose that in addition to the element of great and irreparable injury there must be some aspect of injustice. There must be something in the nature of usurpation or abuse of power by the lower court, such as to demand that the Court . . . step in to maintain a proper control over the lower court. The object of the supervisory power of the Court . . . is to prevent miscarriage of justice.

Schaetzley v. Wright, 271 S.W.2d 885, 886-87 (Ky. 1954) (emphasis added) (citations omitted); see also Powell v. Graham, 185 S.W.3d 624, 629 (Ky. 2006); Newell Enters., Inc. v. Bowling, 158 S.W.3d 750, 754 (Ky. 2005). "Ordinarily if this cannot be shown, the petition will be dismissed." Bowling, 158 S.W.3d at 754; see also Bender, 343 S.W.2d at 801. Far from showing an "irreparable" or even "great" injury, Kindred has failed to present any evidence that any injury might occur at all. The record is devoid of even a modest attempt by Kindred to quantify the harm it claims to confront. Even so, the mere loss of valuable property does not constitute irreparable injury. Schaetzley, 271 S.W.2d at 886. Kindred asserts no basis of loss other than a financial one, i.e., the expense of producing the discoverable materials. For this reason, Kindred has failed to establish the conditions precedent to considering a writ of prohibition, and we need not reach the question of whether any error was committed by the Boyle Circuit Court.

The issuance of an extraordinary writ "is inappropriate to tell a lower court how to act or to interfere with its exercise of discretion." Stallard v. McDonald, 826 S.W.2d 840, 842 (Ky. App. 1992); see also Humana of Ky., Inc. v. NKC Hosps. Inc., 751 S.W.2d 369, 374 (Ky. 1988). The finding by the Court of Appeals that Appellant will not suffer great and irreparable injury is supported by substantial evidence and, thus, is not clearly erroneous. Trude, 151 S.W.3d at 810. As such, its denial of Kindred's petition was fair and supported by sound legal principles. Goodyear Tire & Rubber Co. v. Thompson, 11

S.W.3d 575, 581 (Ky. 2000). The Court of Appeals did not abuse its discretion in denying Appellant's motion for a writ of prohibition.

Accordingly, the judgment of the Court of Appeals is AFFIRMED.

All concur.

COUNSEL FOR APPELLANTS:

Donald L. Miller, II
Marcia L. Pearson
Frost, Brown, Todd, LLC
32nd Floor
400 West Market Street
Louisville, KY  40202-3363

W. Bruce Baird
Brown, Todd & Heyburn
3200 Capital Holding Center
Louisville, KY  40202-3363

COUNSEL FOR APPELLEE HONORABLE DARREN W. PECKLER, JUDGE, BOYLE CIRCUIT COURT:

Honorable Darren Peckler
Circuit Judge
321 Main Street
Danville, KY  40422

COUNSEL FOR APPELLEE NONA SUE YOUNG, AS POWER OF ATTORNEY OF LUCILLE DEAN (REAL PARTY IN INTEREST):

Stephen M. O'Brien, III
Garmer & O'Brien, LLP
141 North Broadway
Lexington, KY  40507

Richard Eric Circeo
Wilkes & McHugh PA
Suite 670
2100 West End Avenue
Nashville, TN  37203